PER CURIAM.
On November 8, 1990, Linsford Myrick filed a “Petition for Writ of Habeas Corpus and Writ of Error Coram Nobis” in the Lauderdale Circuit Court. In denying the petition, the trial court stated:
“The petitioner having filed for writ of habeas corpus, and the Court having understood and considered the same, it is hereby ORDERED, ADJUDGED and DECREED that this motion is DENIED based upon this Court’s lack of jurisdiction to entertain petition of habeas corpus from a prisoner held by another sovereign.
“The petitioner having also filed for writ of error coram nobis, the Court having understood and considered the same, it is hereby ORDERED, ADJUDGED and DECREED that this motion is also DENIED due to the abolition of such writs by Rule 60, Alabama Rules of Civil Procedure.” (R. 58.)
Even though the petition which was filed by Myrick was styled as a petition for habeas corpus and coram nobis, our examination of the petition shows that the petition was in the nature of a Rule 20, A.R.Crim.P.Temp., petition. “Rule 20.6, A.R.Crim.P., states that when a petition is filed and the form accompanying Rule 32 is not used, “the court shall return the petition to the petitioner to be amended to comply with the form.” See also, Lewis v. State, 588 So.2d 949 (Ala.Crim.App.1991). Thus, the circuit court incorrectly denied the petition. This cause is remanded to the Circuit Court of Lauderdale County with directions that it return Myrick’s petition to him so that he may amend it to comply with the form accompanying Rule 20, A.R.Crim.P., Temp.
REVERSED AND REMANDED.
All the Judges concur.