BOWEN, Judge.
This is an appeal from the denial of a petition for post-conviction relief.
In 1986, Honorio Montanez was convicted in Talladega Circuit Court of trafficking in *651 cocaine. The State’s evidence tended to show that Montanez and Rolando Blanco drove a tractor-trailer truck containing cocaine from Hialeah, Florida, to Oxford, Alabama. They parked the truck on a farm belonging to Larry McCoy Self, with intent to sell the cocaine to Self and Jimmy Asher Clayton. Based on affidavits from Drug Enforcement Agency Agent Henry B. Spence and Talladega Chief Narcotics Officer Mike Martin, law enforcement authorities obtained a search warrant for the truck.
On appeal of his trafficking conviction, Montanez argued that his arrest and the search of the truck were illegal. This court rejected both arguments and affirmed Montanez’s conviction in Blanco v. State, 515 So.2d 115 (Ala.Cr.App.1987). The Alabama Supreme Court denied the writ of certiorari on September 25, 1987.
In May 1988, Montanez filed a pleading labelled as a petition for writ of habeas corpus. This was treated as a Rule 20, A.R.Crim.P.Temp., petition for post-conviction relief by the Talladega Circuit Court. The petition alleged, among other grounds, that Officer Mike Martin’s affidavit for the search warrant contained false statements. After an evidentiary hearing, the circuit court denied the petition, specifically finding as a fact that “Mike Martin’s affidavit ... was not false or fraudulent and was not made with intent to deceive,” and furthermore, that Officer Martin’s affidavit “was not necessary to support a finding of probable cause because the affidavit of Henry B. Spence, Jr. ... alone supports a finding of probable cause.” R. 74-75, Blanco & Montanez v. State, 7 Div. 312, filed with this Court August 25, 1989 (appeal dismissed as untimely, August 10, 1989; motion to reinstate denied, August 21, 1989) [hereinafter the “First Petition Record”].
Larry McCoy Self and Jimmy Asher Clayton were also convicted of trafficking in cocaine. However, on September 29, 1989, this court reversed both convictions on two grounds: (1) the State had presented insufficient evidence of the constructive possession of cocaine by Self and Clayton, and (2) Self and Clayton had been denied the effective assistance of counsel because the performance of their attorneys was adversely affected by a conflict of interest. Self v. State, 564 So.2d 1023 (Ala.Cr.App.1989), cert. quashed, 564 So.2d 1035 (Ala.1990).
The conflict of interest arose out of the lawyers’ dual representation of both Self and Clayton, and one Renee Korreckt, who, the lawyers had reason to believe, was a confidential informant against Self and Clayton. The lawyers also had reason to believe, based on a tape-recorded telephone conversation between Ms. Korreckt and Officer. Mike Martin, that Officer Martin had made false statements in his affidavit in support of the search warrant. Nevertheless, during the trial of Self and Clayton, in order to protect the interests of Ms. Kor-reckt, the lawyers did not call Ms. Korreckt as a witness to cast doubt upon the validity of Officer Martin’s affidavit.
On November 17, 1989, almost two months after the decision in Self v. State, supra, Montanez filed another petition for writ of habeas corpus, this time in Montgomery Circuit Court, the county in which he was incarcerated. The pro se petition alleged that he was entitled to a new trial because he had been illegally arrested, because his property had been illegally searched, and because he had recently discovered that the State had withheld exculpatory evidence from him.
Montanez “discovered” two new items of exculpatory evidence, he claims, by reading this court’s opinion in Self v. State, supra. According to Montanez’s petition, the newly discovered evidence was (1) that Officer Martin lied in his affidavit in support of the search warrant, and (2) that Teresa Bujei-ro, Montanez’s paramour, was the informant referred to in DEA Agent Spence’s affidavit in support of the search warrant.
Montanez’s habeas petition was eventually transferred to Talladega Circuit Court, was treated as a Rule 20, A.R.Crim. P.Temp., petition, and was denied on the basis that it was successive and was barred by the statute of limitations in Temporary Rule 20.2(c) [now Rule 32.2(c), A.R.Crim. *652 P.]. The denial of the petition is due to be upheld on those grounds.
The allegations that Montanez was illegally arrested and his property illegally searched fall under Temporary Rule 20.1(a) (now Rule 32.1(a), A.R.Crim.P.), and are subject to the following statute of limitations:
“[T]he court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 20.1(a) ... unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule' 41, [A.R.App.P.].”
Temporary Rule 20.2(c). The certificate of judgment for the affirmance of Montanez’s trafficking conviction issued on September 25, 1987, the date the Alabama Supreme Court denied the petition for writ of certio-rari in the case. See Rule 41(b), A.R.App.P. The instant petition was filed November 17, 1989, almost two months beyond the two-year limitations period. Furthermore, the claims that Montanez was illegally arrested and his property illegally searched were also precluded by Temporary Rule 20.2(a)(4) (now Rule 32.2(a)(4), A.R.Crim.P.), because those issues were raised and addressed on appeal. See Blanco v. State, 515 So.2d at 117-19.
The allegation that Montanez had recently discovered two new items of exculpatory evidence not disclosed to him at trial falls within Temporary Rule 20.1(e) (now Rule 32.1(e), A.R.Crim.P.) and is subject to the following statute of limitations:
“The court shall not entertain a petition based on the grounds specified in Rule 20.1(e) unless the petition is filed within the two-year period specified in the first sentence of this section, or within six (6) months after the discovery of the newly discovered material facts, whichever is later.”
Temporary Rule 20.2(c). In an attempt to bring himself within the six-month saving provision of Rule 20.2(c), Montanez argues that he “discovered” previously unknown exculpatory evidence, which was not disclosed to him at trial, when he read this court’s opinion in Self v. State, 564 So.2d 1023 (Ala.Cr.App.1989). That opinion was released on September 29, 1989, and Mon-tanez filed his petition less than two months later, on November 17, 1989.
We reject Montanez’s argument that he learned of the facts supporting the contention that Officer Martin lied in his affidavit for the search warrant only upon reading our opinion in Self. Montanez knew of those facts at least as early as May 4, 1988, when he filed his first petition for post-conviction relief in Talladega Circuit Court. Paragraphs 4-11 of that petition allege the identical facts relating to Officer Martin’s affidavit that Montanez relies upon here. First Petition Record, R. 4-7.
Furthermore, our opinion in Self did not determine that Officer Martin had lied in his affidavit in support of the search warrant. That case held only that Self and Clayton were denied the effective assistance of counsel because their lawyers, having reasonable grounds to believe that Officer Martin had lied, failed to pursue a course of conduct that might have discredited Martin. In contrast to the opinion of this court in Self, which was limited to an ineffectiveness of counsel determination, the findings of fact by the Talladega Circuit Court in Case number CC-88-148[1] specifically included a determination that “Mike Martin’s affidavit ... was not false or fraudulent and was not made with intent to deceive,” and that Officer Martin’s affidavit “was not necessary to support a finding of probable cause because the affidavit of Henry B. Spence, Jr. ... alone supports a finding of probable cause.” First Petition Record, R. 74-75.
Therefore, the instant petition was successive within the meaning of Temporary Rule 20.2(b) because Montanez had filed a previous petition, had had an evidentiary hearing, and had received an adverse ruling on the merits of the issue he now raises with regard to Officer Martin’s affidavit. *653 See Blount v. State, 572 So.2d 498, 500 (Ala.Cr.App.1990).
The allegations regarding the second item of “exculpatory evidence” alleged to have been newly discovered by Monta-nez are unclear and confusing, and do not, on their face, entitle Montanez to relief. Montanez seems to be claiming that he did not know, until he read Selfv. State, supra, that the informant referred to in DEA Agent Spence’s affidavit for the search warrant was Teresa Bujeiro. He states that Ms. Bujeiro is his “paramour,” and was, at the time of the events in question, his live-in girlfriend or common-law wife. Apparently, he contends that Ms. Bujeiro’s providing information to agents of the DEA, without his knowledge, was a violation of his “marital privilege.”
This contention has no merit. First of all, even assuming that Montanez and Bujeiro were husband and wife, the privilege is “testimonial.” See Henderson v. State, 583 So.2d 276 (Ala.Cr.App.1990); Ala.Code 1975, § 12-21-227. Ms. Bujeiro’s providing information to law enforcement officers in the course of a drug investigation was not “testimony.” Next, it appears likely, from the fact that Ms. Bujeiro was granted “use immunity” by Alabama and federal authorities for her cooperation in the Self and Clayton prosecutions, see Self v. State, 564 So.2d at 1026, that she was a joint participant in criminal activity with Montanez. Testimony regarding conversations between spouses who are joint participants in crime is not protected by the marital communications privilege. State v. Browder, 486 So.2d 504 (Ala.Cr.App.1986).
The order denying Montanez’s petition is affirmed.
AFFIRMED.
All Judges concur.

. Montanez’s first petition for post-conviction relief.