McMillan, judge.
The appellant pleaded guilty in 1986 to a charge of rape in the second degree and was sentenced to 10 years’ imprisonment, which sentence was suspended, and he was placed on 5 years’ probation. In 1990, his probation was revoked, based upon new charges of rape and burglary. The revocation was affirmed without opinion by this court. The appellant presently is an inmate at Fountain Correctional Facility in Atmore. On April 26, 1991, he filed a petition for writ of habeas corpus, stating as grounds the following: (1) that he was denied due process because his probation was revoked without a preliminary revocation hearing, (2) that the testimony of the State’s witness, the victim, was uncorroborated and was contradicted by witnesses for the appellant, (3) that he was denied effective assistance of counsel at the final revocation hearing, and (4) that he was denied effective assistance of counsel on appeal of the revocation. The trial court denied the petition, finding that the grounds asserted did not merit the granting of the petition.
The appellant states on the second page of his petition to the trial court that “this is not a Rule 32 [ A.R.Crim.P.,] Petition, and is not to be construed as a Rule 32 Petition under the facts, circumstances and relief requested herein.” However, the petition does not contend that the appellant has been illegally restrained following the granting of the State’s motion to revoke his probation. Rather, it contends that the revocation itself was improper. On appeal, the appellant makes the following allegations: (1) that he was denied due process because the evidence against him was not disclosed and because the trial court failed to issue a written statement of the evidence relied on and the reasons for the revocation, (2) that the testimony of the State’s witness in the second rape and burglary charge was uncorroborated and contradicted, and that those charges subsequently were “no billed” by the grand jury, and (3) that he was denied effective assistance of counsel in his appeal of the revocation. The trial court had jurisdiction to entertain a habeas petition from the appellant because of his incarceration in Mobile County. Moreover, the appellant’s original conviction for rape occurred in Mobile County; therefore, the trial court also would have jurisdiction over any Rule 32, A.R.Crim.P., petition of the appellant. As the trial court noted, the petition does not contain grounds warranting habeas corpus relief.
However, despite the appellant’s assertion to the contrary, the petition should have been treated as a petition under Rule 32. See Rule 32.4, A.R.Crim.P. Therefore, pursuant to Rule 32.6(a), A.R.Crim.P., “[t]he petition should be filed by using or following the form accompanying this rule. If that form is not used or followed, the court shall return the petition to the petitioner to be amended to comply with the form.” Thus, in McDougal v. State, 563 So.2d 1073 (Ala.Cr.App.1990), where a petitioner filed a “Motion for Sentence Reduction” and requested the circuit clerk to forward her the necessary forms for filing a Rule 20, A.R.Crim.P.Temp. petition (the predecessor rule to Rule 32), the circuit court denied the motion pursuant to Rule 20 without a hearing. This court reversed the circuit court’s denial and remanded the cause to the circuit court with orders for the circuit court to return the petition to the petitioner to be amended to comply with the requisite form. Id. at 1074.
Moreover, in Taunton v. State, 562 So.2d 614 (Ala.Cr.App.1989), cert. quashed, 562 So.2d 615 (Ala.1990), a trial court improperly held that the claims in a petition for writ of habeas corpus filed by a petitioner should have been raised in a Rule 20 petition, and therefore dismissed the petition on those grounds. This court held that a petition for writ of habeas corpus was the *1112 proper vehicle and remanded the cause for a prompt evidentiary hearing. See also Johnson v. State, 568 So.2d 865 (Ala.Cr.App.1990) (wherein a petitioner raised claims in a habeas corpus petition that was denied based on a motion by the State that indicated that the proper prayer for relief was by a Rule 20, A.R.Crim.P.Temp., petition; thus, this court ordered the matter transferred to another circuit court that would have proper jurisdiction over a Rule 20 petition).
In the present case, the circuit court correctly concluded that the appellant’s claim should not have been raised in a petition for writ of habeas corpus. Because the appellant’s claims should have been raised in a Rule 32, A.R.Crim.P., petition, this matter is remanded to the trial court in order for it to forward the correct form to the petitioner to allow him to comply with Rule 82. The trial court is instructed to file a return with this court within 45 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.