BOWEN, Judge.
This is an appeal from the dismissal of a petition for writ of habeas corpus. The petitioner challenges his conviction for murder on the grounds that his guilty plea was coerced and that his counsel was ineffective.
The petition should not have been dismissed on the ground that habeas corpus is not the proper remedy for the relief requested. The petition should have been treated as a Rule 32, A.R.Crim.P., petition for post-conviction relief. Under Rule 32.4, A.R.Crim.P., “A proceeding under this rule displaces all post-trial remedies except post-trial motions under Rule 24 and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule.” Rule 32.6(a) provides, in pertinent part: “The petition should be filed by using or following the form accompanying this rule. If that form is not used or followed, the court shall return the petition to the petitioner to be amended to comply with the form.”
Therefore, the judgment of the circuit court dismissing the petition is reversed. As requested by the attorney general, this cause is remanded to the circuit court with directions that the petition for habeas corpus challenging the petitioner’s conviction for murder be treated as a petition for post-conviction relief. Rule 32.4, A.R.Crim.P. The appellant should be permitted to file the proper form for a petition for post-conviction relief as required by Rule 32.6(a). If venue is not proper in Barbour County, the circuit court shall transfer that petition to the court in which the petitioner was convicted. Rule 32.5. See Johnson v. State, 568 So.2d 365, 365-66 (Ala.Cr.App.1990); McDougal v. State, 563 So.2d 1073, 1074 (Ala.Cr.App.1990); Thompson v. State, 540 So.2d 96 (Ala.Cr.App.1987).
REVERSED AND REMANDED.
All'Judges concur.