The appellant, Sherman James Nickerson, appeals from the Jefferson County Circuit Court's denial of his "Petition for the Writ of Habeas Corpus," contesting the validity of his November 1987 conviction for second degree escape and the resulting split sentence of 15 years. In his petition, Nickerson alleged that (1) he was given no preliminary hearing; (2) he was indicted prior to his arrest; (3) the evidence was insufficient to support a charge of second degree escape (but sufficient to support a charge of third degree escape); and (4) the indictment was fatally defective because it did not aver the allegedly required element that the escape from a penal institution carried with it "a great element of danger in planning and executing escapes," §§ 13A-10-31 through 13A-10-33
Commentary, Code of Alabama 1975.
This petition had been transferred from the Shelby County Circuit Court, the court nearest the place of incarceration, to the Jefferson County Circuit Court. The latter court properly treated the instant petition as a A.R.Cr.P. 32 petition.See Wright v. State, 597 So.2d 761 (Ala.Cr.App. 1992); Grahamv. State, 599 So.2d 82 (Ala.Cr.App. 1992); A.R.Cr.P. 32.4. At an evidentiary hearing on the petition, Nickerson added the claim that the indictment was fatally defective because it charged that Nickerson "did escape or attempt to escape." During the evidentiary hearing, the circuit court specifically noted that the sufficiency question was procedurally barred and that the indictment claims were without merit.
The circuit court's actions of holding a hearing and issuing a ruling were premature because the court did not order the "habeas corpus" petition to be returned to Nickerson to allow him the opportunity to amend his petition to comply with the proper form of a Rule 32 petition, as required by Rule 32.6(a). See Wright v. State; Graham v. State. While observance of this requirement may appear to be hypertechnical and unmindful of judicial resources, especially in light of the fact that an evidentiary hearing was held on Nickerson's allegations, the purposes behind Rule 32 call for diligent conformity to the Rule. Rule 32 not only "[c]onsolidates habeas corpus and coram nobis into a single comprehensive remedy," it "[r]equires, subject to a limited exception, the consolidation of all claims in a single petition." H. Maddox, Alabama Rules of CriminalProcedure § 32.0, p. 783 (1990) (emphasis added). "Postconviction relief . . . is intended . . . to eliminate confusion and avoid repetitious and successive applications for relief while protecting petitioner's constitutional rights." 24 C.J.S. Criminal Law § 1612 (1989) (footnote omitted). The procedural provisions of Rule 32, such as the preclusion provisions, were fashioned and adopted in furtherance of this goal of a single, comprehensive petition. See 24 C.J.S. supra
at § 1637(b) (wherein it is noted that "[s]tate postconviction relief rules are specifically designed, where possible, to discover and adjudicate all claims for relief in a single application") (footnote omitted).
The history of the instant case illustrates the importance of observing these provisions. While the circuit court professed to treat the instant petition as a Rule 32 petition, the suggested procedural bars of the rule apparently were not called into consideration. For example, the case history raises the question of whether the present petition or, at least, some of its allegations are barred by the applicable limitations period, Rule 32.2(c). Nickerson cannot escape the application of this bar by filing a "free-lance" petition called something other than a Rule 32 petition. Moreover, the case action summary shows that the circuit court appears to have addressed, on its merits, a prior petition for relief from conviction or sentence. Nickerson should not be allowed to circumvent the consequences under Rule 32.2(b) of filing a second petition by disregarding the required *Page 764 
format of the petition. Finally, the case action summary shows that the trial court, on the same date as the acceptance of Nickerson's plea, ruled on the merits of a "Motion to Dismiss Indictment." In the event no other procedural bar applied, it would be worthy of investigation to determine whether some of the present petition's allegations about the validity of the indictment have already been addressed on their merits and, thus, are procedurally barred by Rule 32.2(a)(2). We do not wish to condone any situation, such as a "free-lance" petition, that would endanger or confuse observance of the preclusion provisions. Certainly, an obvious reason for requiring that the form be used is to provide all pertinent facts for the circuit court's application of those provisions. The circuit court in this case did not have the benefit of such revelation of circumstances preceding the petition.
We further note that requiring the use of the form to amend a "free-lance" petition leaves no doubt that the petitioner is on notice that Rule 32 will apply and that he is required to present all claims. Finally, use of the form and unquestioned observance of the rule prevent any confusion in the event the petitioner files any subsequent petition.
Accordingly, the circuit court's judgment denying Nickerson's petition is reversed, and this cause is remanded with the instruction that the petition be returned to Nickerson to be amended to comply with the required form.
REVERSED AND REMANDED.
All the Judges concur.