Guy Drayton filed a petition for writ of habeas corpus with the Circuit Court of Bullock County where he was incarcerated. The case was eventually transferred to the Pike County Circuit Court, which was the court of original conviction. The State and the circuit court treated the petition as a proceeding under Rule 32, A.R.Crim.P. After a hearing, the circuit court denied the petition. Although the State and the circuit court treated the petition as a proceeding under Rule 32, the circuit court did not order the petition to be returned to the appellant to allow him to amend his petition to comply with the proper form, as required by Rule 32.6(a), A.R.Crim.P.
This court has consistently held in numerous opinions that when a petition that is styled "Petition for Writ of Habeas Corpus" is filed and the allegations raised therein are cognizable in a proceeding under Rule 32, the cause should be entertained in the court of original conviction and the petitioner should be given the opportunity to file a proper post-conviction petition as required by Rule 32.6(a).Myrick v. State, 588 So.2d 950 (Ala.Crim.App. 1991); Lewis v.State, 588 So.2d 949 (Ala.Crim.App. 1991); Copeland v. State,601 So.2d 1110 (Ala.Crim.App. 1992); Graham v. State,599 So.2d 82 (Ala.Crim.App. 1992); Burks v. State, 597 So.2d 759
(Ala.Crim.App. 1992); Wright v. State, 597 So.2d 761
(Ala.Crim.App. 1992); Matkins v. State, 597 So.2d 760
(Ala.Crim.App. 1992); Nickerson *Page 1089 v. State, 597 So.2d 762 (Ala.Crim.App. 1992); Buchannon v.State, 597 So.2d 766 (Ala.Crim.App. 1992). Compare Montanezv. State, 592 So.2d 650 (Ala.Crim.App. 1991).
 "Alabama affords a post-conviction remedy by statutory habeas corpus, Ala. Code 1975, §§ 15-21-1
through 15-21-34, and by common law writ of error coram nobis. Goodwin v. Holman, 361 F.2d 403 (5th Cir. 1966). Rule 32 is designed to provide the procedure for securing the benefits of either writ, if grounds for relief are shown, of course."
". . . .
 "Rule 32 deals only with the procedure for filing what were classified under prior practice as petitions for habeas corpus and petitions for writ of error coram nobis. Rule 32 is a procedural rule which:
 "(1) Consolidates habeas corpus and coram nobis into a single comprehensive remedy;
 "(2) Requires, subject to a limited exception, the consolidation of all claims in a single petition;
 "(3) Requires that the petition be filed 'in and decided by the court in which the petitioner was convicted;'
 "(4) Permits summary dismissal of frivolous claims;
 "(5) Sets a statute of limitations for the filing of a petition;
 "(6) Provides for a prehearing conference in order to expedite the proceeding;
 "(7) Provides an evidentiary hearing on the record, if the petition is not dismissed; and
"(8) Provides for an appeal by petitioner.
 "The common law writ of coram nobis in criminal cases has been incorporated into Rule 32. The Rule provides the procedure for attacking judgments entered in criminal cases only. Rule 32.1 specifically states that the scope of the Rule is for 'any defendant who has been convicted of a criminal offense.' Petitions for habeas corpus in other settings apparently would not be governed by Rule 32, but would by statutory provisions contained in Alabama Code 1975, [§§ 15-21-1 through 15-21-34.]"
H. Maddox, Alabama Rules of Criminal Procedure, § 32.0, p. 781-83 (1990) (emphasis added). Although the mere mention of the words "Rule 32" strikes terror in the hearts of many lawyers, Rule 32 was designed to simplify, not confuse,[1] the procedure for obtaining post-conviction review. Rule 32 did not abolish the substantive right to post-conviction review under the statutory remedy of habeas corpus. It merely changed the procedure for seeking habeas corpus relief in most situations, which had been previously governed by the procedures defined in §§ 15-21-1 through 15-21-34, Code of Alabama 1975. Rule 32.4, A.R.Crim.P. provides:
 "A proceeding under [Rule 32] displaces all post-trial remedies except post-trial *Page 1090 
motions under Rule 24[2] and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule."
Therefore,
 "[p]etitions for habeas corpus by persons confined for failure to enter into an undertaking to keep the peace (§ 15-21-2), or confined as insane (§ 15-21-3), or confined to a county jail before conviction (§ 15-21-6) would not be petitions seeking relief from a conviction or sentence, and they would be governed by the statutory provisions for habeas corpus. Similarly, a person confined pursuant to the provisions of Rule 25[3] would not have been convicted or sentenced, it would seem, under the provisions of this Rule. In short, Rule 32 applies to incarceration pursuant to a conviction. It is a post-conviction remedy."
Alabama Rules of Criminal Procedure at § 32.4, p. 790, n. 22.
Furthermore, we believe that challenges to the loss of good time deductions from a sentence, challenges to changes in custody classification, or complaints of jail or prison conditions are governed by the statutory provisions for habeas corpus rather than the procedures of Rule 32.[4]
Here, the instant petition is clearly a petition seeking relief from conviction or sentence. The petition was properly entertained in the court of original conviction and the cause was properly treated as a post-conviction proceeding under Rule 32. However, the appellant was not given the opportunity to file a proper Rule 32 petition as required by 32.6(a), A.R.Crim.P. Thus, we must remand the cause to allow the appellant to file a proper petition.
As Judge Patterson stated in Nickerson,
 "While observance of this requirement may appear to be hypertechnical and unmindful of judicial resources, especially in light of the fact that an evidentiary hearing was held on [the appellant's] allegations, the purposes behind Rule 32 call for diligent conformity to the Rule. Rule 32 not only '[c]onsolidates habeas corpus and coram nobis into a single comprehensive remedy,' it '[r]equires, subject to a limited exception, the consolidation
of all claims in a single petition.' H. Maddox, Alabama Rules of Criminal Procedure § 32.0, p. 783 (1990) (emphasis added in Nickerson). 'Postconviction relief . . . is intended . . . to eliminate confusion and avoid repetitious and successive applications for relief while protecting petitioner's constitutional rights.' 24 C.J.S. Criminal Law 1612 (1989) (footnote omitted). The procedural provisions of Rule 32, such as the preclusion provisions, were fashioned and adopted in furtherance of his goal of a single, comprehensive petition."
597 So.2d at 763.
While in many cases the trial court will have properly decided the petition and it may seem ridiculous to remand the cause to the trial court to allow the petitioner to delineate his allegations in the proper form, we believe that in the long run, strict adherence to the procedures set out in Rule 32 will result in the efficient and fair disposition of post-conviction petitions for all concerned, which is the purpose of not only Rule 32 but also of the Rules of Criminal Procedure.
Rule 1.2, A.R.Crim.P. states:
 "These rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, *Page 1091 
and to protect the rights of the individual while preserving the public welfare."
In discussing Rule 1.2, H. Maddox has said:
 "The spirit of Rule 1.2 was captured by William N. Clark, a member of the Advisory Committee and a prominent defense attorney, while reviewing the Temporary Rules of Criminal Procedure in a speech presented to the Alabama Circuit and District Judges Mid-Winter Conference in Montgomery, January 23-24, 1986:
 " 'Rules are made to be read, to be studied, and under appropriate circumstances to be tested. It is a part of our judicial system that rules receive their full vitality through interpretation by the appellate courts. However, it is the responsibility of the lawyers who try the cases and the judges who hear them in the lower courts to make every effort to see that the rules do not become diluted. The rules are designed to provide for an orderly process in a criminal trial. The defendant should be able to expect that if he requests to make his motion for judgment of acquittal outside the hearing of the jury that motion should be granted. And if not, the trial court will be reversed for failure to do so. If a defendant fails to make a timely motion for severance and the trial court denies the motion, the trial court should be able to be confident that it will not be reversed. The first step in reaching the desired state of order is for lawyers and trial judges alike to simply follow the rules.' "
Alabama Rules of Criminal Procedure, § 1.7, (emphasis added).
It is clear that many, if not most, of the habeas corpus petitions brought to this court on appeal are petitions that should be entertained in a Rule 32 proceeding. This court is well aware that many of these petitions are being styled as habeas corpus petitions deliberately to avoid the limitations period of Rule 32.2(c) or because the inmates have previously filed a petition seeking post-conviction relief that was decided on the merits, and thus, any additional petitions would most likely be considered successive under Rule 32.2(b). Therefore, by strict adherence to the Rules of Criminal Procedure, an inmate has only one opportunity to present all allegations in a single post-conviction proceeding, unless, in a second proceeding alleging new grounds, he can show good cause why these new allegations raised in the petition were not raised in the previous petition. Rule 32.2(b), A.R.Crim.P. Furthermore, most of these allegations will have to be raised in a petition which is filed within two years of the certificate of judgment of a conviction or within two years after the time for filing an appeal lapses. Rule 32.2(c), A.R.Crim.P.
When a post-conviction petition seeking relief fromconviction or sentence is filed with the circuit court that is not in the proper form as prescribed by Rule 32, notwithstanding the style of the petition, the court should return the petition to the petitioner to allow him to file the proper form. In many instances, the petitioner will not file another petition if he has filed a previous petition or if the limitations period has run because he knows his attempt will be unsuccessful. However, if the petitioner files another petition, which is successive or which is barred by the limitations period, the circuit court will deny the petition. By strictly following this procedure, the petitioner will have one opportunity to have his allegations fairly and thoroughly reviewed. Hopefully, this will control the problem created by the filing of multiple petitions challenging the same conviction. Therefore, this case is remanded to the circuit court with directions that the petition for writ of habeas corpus be returned to the appellant so that he can have the opportunity to file a proper Rule 32 petition as required by Rule 32.6, A.R.Crim.P.
REVERSED AND REMANDED.
All the Judges concur.
[1] The facts of this case are a clear and typical example of the confusion experienced by the trial courts when a petition seeking relief from conviction or sentence, disguised as a habeas corpus petition, is encountered. The petition for writ of habeas corpus was filed on April 29, 1991, with the Bullock Circuit Court, which is the county where the appellant was incarcerated. On May 16, 1991, the Bullock Circuit Court, on the motion of the district attorney, transferred the cause to the Pike Circuit Court, the court where the appellant was convicted, because the petition was in the nature of a Rule 32 petition. On June 4, 1991, the Pike Circuit Court entered the following order:
 " § 15-21-6(b) provides, 'When the person is confined in the penitentiary or under a sentence, judgment or order of . . . the circuit court . . . the petition must be addressed to the nearest circuit court judge.' Hobson v. State, 425 So.2d 511
(Ala.Crim.App. 1982), provides, 'A petition for writ of habeas corpus by a state penitentiary inmate should be addressed to the nearest circuit judge rather than to the court where the original conviction occurred.' This action is clearly a petition for writ of habeas corpus. The State's motion to transfer the action back to Bullock County Circuit Court is granted."
On August 1, 1991, the following order was entered by the Bullock Circuit Court: "Case is in nature of Rule 32, A.R.Crim.P., and after telephone conference with Hon. Gary McAliley, Circuit Judge, the case is transferred to the Circuit Court of Pike County."
[2] The post-trial motions included in Rule 24 are a motion for new trial and a motion in arrest of judgment.
[3] Rule 25 is entitled "Procedure After Verdict Or Finding Of Not Guilty By Reason Of Mental Disease Or Defect."
[4] The appendix to Rule 32 is entitled "Form For Use In State Court For Petitions For Relief From Conviction Or Sentence Imposed In State Court (Rule 32, Alabama Rules Of Criminal Procedure). The appendix states that "This form is not to be used to challenge loss of good time deductions from sentence, changes in custody classification, or jail or prison conditions." *Page 1092