TAYLOR, Judge.
The appellant, Jack Basel Puckett, filed a petition for writ of habeas corpus in Es-cambia County where he is serving a sentence for a conviction in Etowah County. The appellant raises issues in his petition that are cognizable in a petition for post-conviction relief under Rule 32, A.R.Crim. P., and as to which he would not be entitled to relief under a petition for writ of habeas corpus. The trial court granted the state’s motion to dismiss because the petition was incorrectly styled as a petition for writ of habeas corpus. This action was incorrect.
“This court has consistently held in numerous published opinions that when a petition that is styled ‘Petition for Writ of Habeas Corpus’ is filed and the allegations raised therein are cognizable in a proceeding under Rule 32, the cause should be entertained in the court of original conviction and the petitioner should be given the opportunity to file a proper post-conviction petition as required by Rule 32.6(a).”
Drayton v. State, 600 So.2d 1088, 1088 (Ala.Cr.App.1992), and cases cited therein. Furthermore, the appellant should be given the opportunity to file the correct “form as required by Rule 32.6(a), A.R.Crim.P.” Drayton, at 1088.
The judgment is reversed and this cause remanded to the Circuit Court for Escam-bia County so that that court may transfer this cause to the Etowah Circuit Court, which is the court of original jurisdiction. The Circuit Court for Etowah County shall then allow the appellant the opportunity to file a petition using the proper form, as required by Rule 32.6, A.R.Crim.P.
REVERSED AND REMANDED.
All the Judges concur.