In 1990, the appellant was convicted of robbery in the first degree and was sentenced to life imprisonment without parole. On direct appeal, this Court affirmed his conviction with an unpublished memorandum on May 31, 1991. See Smith v. State,586 So.2d 308 (Ala.Cr.App. 1991) (table). His application for rehearing was overruled on July 26, 1991. See Smith v. State,587 So.2d 1117 (Ala.Cr.App. 1991) (table). The Alabama Supreme Court denied the appellant's petition for writ of certiorari on October 11, 1991.
On February 10, 1992, the appellant filed a petition for writ of habeas corpus in the Circuit Court of St. Clair County where he was incarcerated. The petition alleged that he was entitled to relief on the following grounds: (1) the complaint was not made on oath before a judge or magistrate; (2) the warrant was not signed by a judge or a magistrate or other official authorized by law; (3) the indictment was not endorsed by the foreman of the grand jury; (4) the circuit clerk falsified the complaint, warrant, and indictment; (5) the back of the *Page 450 
indictment lists nine witnesses, but those witnesses never testified before the grand jury; and (6) trial counsel was ineffective because he failed to object to the foregoing falsified documents. R. 2-3.
Upon a finding that "the subject matter of said petition relat[es] to Jefferson County," R.12, the St. Clair Circuit Court transferred the petition to the Jefferson Circuit Court, the place of the appellant's original conviction.
On May 27, 1992, the District Attorney filed an answer denying each allegation and a motion to dismiss the petition on the ground that, if treated as a habeas petition, it was filed in the wrong circuit and, if treated as a Rule 20 petition, it was not in the proper form. The Jefferson circuit judge entered the following notation on the case action summary for May 28, 1992:
 "Petition of habeas corpus, being duly treated as a Rule 32, is denied. All issues raised by petitioner should have been raised on direct appeal. Petition denied."
On June 5, the appellant filed a response to the State's answer and motion to dismiss, insisting that his pleading be treated as a habeas petition because it alleged jurisdictional issues. Thereafter, on June 25, the Jefferson circuit court set aside its order of May 28, 1992 and entered the following:
 "In spite of Petitioner's insistence that his pleading be treated as a habeas corpus, he alleges matters that are properly raised by petition filed pursuant to Rule 32, Rules of Criminal Procedure.
 "The only issue that is due to be considered is his allegation that counsel was ineffective in failing to discover what he contends to be irregularities in the arrest warrant and indictment in this case. Petitioner's allegations concerning these [irregularities] are refuted by exhibits submitted with his verified petition. It is clear that the warrant of arrest was properly and timely signed by Paula Jones, a person known by the court to be a magistrate of the District Court of Jefferson County. The indictment was endorsed a true bill by the foreperson of the grand jury. Petitioner failing to allege any grounds upon which he is entitled to relief, the petition is denied." R. 37.
On appeal, the appellant claims that the circuit court should have treated his petition as one for writ of habeas corpus, or in the alternative that, if considered a Rule 32 petition, it should have been returned to him for compliance with the proper form and for possible amended pleadings.
The petition was correctly determined not to state grounds for a writ of habeas corpus because it alleged no jurisdictional basis for setting aside the appellant's conviction. Grounds (1) through (3) of the appellant's petition are not cognizable under a writ of habeas corpus. The circuit court acquires jurisdiction of a felony by the indictment. SeeRoss v. State, 529 So.2d 1074, 1078 (Ala.Cr.App. 1988). Neither an unlawful arrest, Coral v. State, 551 So.2d 1181, 1182
(Ala.Cr.App. 1989), nor the failure of the grand jury foreman to endorse the indictment "a true bill," see Noah v. State,494 So.2d 870, 871 (Ala.Cr.App. 1986), affects the fundamental power of the court to proceed with the prosecution.
Grounds (4) through (6) are not cognizable under a writ of habeas corpus because, in order to obtain relief under the writ, the petitioner must establish the want of jurisdiction on the face of the proceedings. See Sneed v. State, 157 Ala. 8, 9,47 So. 1028 (1908). If parol testimony must be introduced to prove the invalidity of the proceedings, habeas will not lie and the remedy is by writ of error coram nobis [now Rule 32],Wiman v. Argo, 308 F.2d 674, 677 (5th Cir.), cert. denied,371 U.S. 933, 83 S.Ct. 306, 9 L.Ed.2d 270 (1962).
The court did not err by considering the appellant's pleading as a Rule 32 petition. However, in the interest of fairness and judicial economy, we direct the circuit court to set aside the denial of the petition and to give the appellant the opportunity to refile his petition in proper Rule 32 format, adding any amendments he deems necessary. As we observed inDrayton v. State, 600 So.2d 1088 (Ala.Cr.App. 1992): *Page 451 
 "Here, the instant petition is clearly a petition seeking relief from conviction or sentence. The petition was properly entertained in the court of original conviction and the cause was properly treated as a post-conviction proceeding under Rule 32. However, the appellant was not given the opportunity to file a proper Rule 32 petition as required by 32.6(a), A.R.Crim.P. Thus, we must remand the cause to allow the appellant to file a proper petition.
 "As Judge Patterson stated in Nickerson [v. State, 597 So.2d 762 (Ala.Cr.App. 1992)],
 " 'While observance of this requirement may appear to be hypertechnical and unmindful of judicial resources, especially in light of the fact that an evidentiary hearing was held on [the appellant's] allegations, the purposes behind Rule 32 call for diligent conformity to the Rule. Rule 32 not only "[c]onsolidates habeas corpus and coram nobis into a single comprehensive remedy," it "[r]equires, subject to a limited exception, the consolidation of all claims in a single petition." H. Maddox, Alabama Rules of Criminal Procedure § 32.0, p. 783 (1990) (emphasis added in Nickerson). "Post-conviction relief . . . is intended . . . to eliminate confusion and avoid repetitious and successive applications for relief while protecting petitioner's constitutional rights." 24 C.J.S. Criminal Law 1612 (1989) (footnote omitted). The procedural provisions of Rule 32, such as the preclusion provisions, were fashioned and adopted in furtherance of this goal of a single, comprehensive petition.'
597 So.2d at 763."
Drayton v. State, 600 So.2d at 1090.
This cause is remanded to the circuit court with directions that the petition for writ of habeas corpus be returned to the appellant so that he can have the opportunity to file a proper Rule 32 petition as required by Rule 32.6, A.R.Crim.P.
REVERSED AND REMANDED.
All Judges concur. *Page 452 
[EDITORS' NOTE: PAGES 452-464 CONTAINS DECISIONS WITHOUT OPINIONS.]
 *Page 334