McMILLAN, Judge.
This is an appeal from the denial of appellant’s petition for writ of habeas corpus, which the trial court treated as a Rule 32, A.R.Cr.P., petition. The petition was filed in Mobile Circuit Court, which was the court of original conviction, and not in the court of the county where petitioner was imprisoned. In the petition, the appellant attacks a 1983 conviction, alleging that his trial counsel was ineffective and that his guilty plea was invalid. These allegations were cognizable under Rule 20, A.R.Cr.P. Temp, (now Rule 32, A.R.Cr.P.), and, therefore, this petition should have been treated under Rule 20.4, A.R.Cr.P. Temp, (now Rule 32.4, A.R.Cr.P.) Although the trial court’s order denying the petition acknowledged that this petition was actually a Rule 20 petition incorrectly styled as a petition for a writ of habeas corpus, the petitioner was never afforded the opportunity to amend the petition and refile it in the proper form prescribed by Rule 20. Rule 20.-6(a), A.R.Cr.P. Temp, (now Rule 32.6(a), A.R.Cr.P.).
In Wright v. State, 597 So.2d 761, 762 (Ala.Cr.App.1992), this court held:
“[W]hen a petition for writ of habeas corpus, which is in reality a Rule 20, A.R.Crim.P.Temp., or Rule 32, A.R.Crim. P., petition, is filed, the cause should be transferred to the court of original conviction and the petitioner should be given the opportunity to file a proper Rule 20 or Rule 32 petition. See also Matkins v. State, 597 So.2d 760 (Ala.Crim.App.1992).”
See Graham v. State, 599 So.2d 82 (Ala.Cr.App.1992); Nickerson v. State, 597 So.2d 762, 763 (Ala.Cr.App.1992) (wherein this court held: “The circuit court’s actions of holding a hearing and issuing a ruling were premature because the court did not order the ‘habeas corpus’ petition to be returned to [petitioner] to allow him the opportunity to comply with the proper form of a Rule 32 petition, as required by Rule 32.6(a), A.R.Cr.P.).”
Accordingly, we must remand this cause to the trial court to allow the petitioner to refile the petition in the proper form prescribed by Rule 20. Additionally, we note that the record is devoid of any response by the State to the petition. See Ex parte Rice, 565 So.2d 606 (Ala.1990); Hughley v. State, 597 So.2d 764 (Ala.Cr.App.1992). Therefore, the State is instructed to file an appropriate response to the petition after it has been amended and refiled. Rule 20.3, A.R.Cr.P., Temp, (now Rule 32.3, A.R.Cr.P.).
REVERSED AND REMANDED.
All Judges concur.