TAYLOR, Judge.
The appellant, Lawrence Aubrey Thompson, appeals from the denial of his petition for a writ of habeas corpus. The appellant raised issues in his petition that are cognizable in a petition for post-conviction relief under Rule 32, A.R.Crim.P. The trial court, treating the petition as a petition for post-conviction relief, denied the petition because the issues raised could have been raised on direct appeal but were not. Rule 32.2(a)(5), A.R.Crim.P.
The appellant argues that this petition should have been returned to the appellant so that the appellant could be given the opportunity to file a corrected petition under Rule 32. He also contends that the petition should have been transferred to the court of original conviction. The appellant’s arguments are well taken.
This court on numerous occasions has stated that when a petition styled as a petition for a writ of habeas corpus is filed that raises issues cognizable in a petition for post-eonviction relief under Rule 32, the petition should be returned to the appellant so that he can be given the opportunity to file a corrected petition under Rule 32.6, A.R.Crim.P. Smith v. State, 609 So.2d 449 (Ala.Cr.App.1992); McShan v. State, 608 So.2d 449 (Ala.Cr.App.1992); Drayton v. State, 600 So.2d 1088 (Ala.Cr.App.1992).
Judge Bowen stated in Graham v. State, 599 So.2d 82 (Ala.Cr.App.1992):
“This cause is remanded with directions that the petition be treated as a petition for post-conviction relief, that the petition be returned to the petitioner so that he may have the opportunity to amend to comply with the proper form of the petition as required by Rule 32.6(a), and that this cause be transferred to the court where the conviction occurred as required by Rule 32.5.”
599 So.2d at 82.
The state argues that no purpose would be served by remanding this petition. As this court stated in Drayton:
“While in many cases the trial court will have properly decided the petition and it may seem ridiculous to remand the cause to the trial court to allow the petitioner to delineate his allegations in ' the proper form, we believe that in the long run, strict adherence to the procedures set out in Rule 32 will result in the efficient and fair disposition of post-conviction petitions for all concerned, which is the purpose of not only Rule 32 but also of the Rules of Criminal Procedure.”
Drayton, 600 So.2d at 1090.
The court’s denial of the appellant’s petition is reversed and this cause is remanded to the Circuit Court for Montgomery County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.