TAYLOR, Judge.
The appellant, Donald Allen Williams, appeals from the denial of his petition for post-conviction relief. The appellant filed a petition entitled a petition for a writ of habeas corpus in the Circuit Court for St. Clair County, the county in which he is currently incarcerated. The court correctly transferred the petition to the court of original jurisdiction, Jefferson Circuit Court, where the petition was treated as one for post-conviction relief under Rule 32, A.R.Crim.P. However, the appellant was not given an opportunity to file an amended petition under Rule 32. As this court has stated on many previous occasions:
“[Wjhen a petition styled as a petition for a writ of habeas corpus is filed that raises issues cognizable in a petition for post-conviction relief under Rule 32, the petition should be returned to the appellant so that he can be given the opportunity to file a corrected petition under Rule 32.6, A.R.Crim.P. Smith v. State, 609 So.2d 449 (Ala.Cr.App.1992); McShan v. State, 608 So.2d 449 (Ala.Cr.App.1992); Drayton v. State, 600 So.2d 1088 (Ala.Cr.App.1992).”
Thompson v. State, 623 So.2d 402, 403 (Ala.Cr.App.1993). We realize that:
“[W]hile in many cases the trial court will have properly decided the petition and it may seem ridiculous to remand the cause to the trial court to allow the petitioner to delineate his allegations in the proper form, we believe that in the long run, strict adherence to the procedures set out in Rule 32 will result in the efficient and fair disposition of post-conviction petitions for all concerned, which is the purpose of not only Rule 32 but also of the Rules of Criminal Procedure.”
Drayton, 600 So.2d at 1090.
The court’s judgment denying the appellant’s petition is reversed and this cause is remanded to the Circuit Court for Jefferson County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur except BOWEN, P.J., who dissents with opinion.