McMillan, judge.
This appeal involves the denial of Potee Frazier’s petition for a writ of habeas corpus. Frazier contends that the trial court lacked jurisdiction to accept his guilty plea and to impose sentence because, he argues, the indictment charging him with escape was fatally defective. The trial court treated the petition as a petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Cr.P., and in denying the petition stated: “Petition for writ of habeas corpus is denied [as] frivolous on its face.”
This court in Thompson v. State, 623 So.2d 402, 403 (Ala.Cr.App.1993), held:
“This court on numerous occasions has stated that when a petition styled as a petition for a writ of habeas corpus is filed that raises issues cognizable in a petition for post-conviction relief under Rule 32, the petition should be returned to the appellant so that he can be given the opportunity to file a corrected petition under Rule 32.6, A.R.Crim.P. Smith v. State, 609 So.2d 449 (Ala.Cr.App.1992); McShan v. State, 608 So.2d 449 (Ala.Cr.App.1992); Drayton v. State, 600 So.2d 1088 (Ala.Cr.App.1992).
“Judge Bowen stated in Graham v. State, 599 So.2d 82 (Ala.Cr.App.1992):
“ ‘This cause is remanded with directions that the petition be treated as a petition for post-conviction relief, that the petition be returned to the petitioner so that he may have the opportunity to amend to comply with the proper form of the petition as required by Rule 32.6(a), and that this cause be transferred to the court where the conviction occurred as required by Rule 32.5.’
“599 So.2d at 82.”
Because the appellant’s petition for a writ of habeas corpus raised issues cognizable in a Rule 32, Ala.R.Cr.P. petition, the petition was due to be returned to the petitioner with instructions that the relief sought is now available only through a properly completed and verified petition for post-conviction relief filed in conformity with Rule 32. Therefore, jurisdiction of this cause is hereby transferred to the trial court with directions to set aside its order denying the petition and to then comply with the procedure outlined in this opinion.
APPEAL DISMISSED.
All Judges concur.