KELLUM, Judge.
Solomon Makil Knight appeals the circuit court's summary dismissal of what he styled as a "Petition for Writ of Habeas Corpus Incomplete Jury Instruction(s)," but which was, in fact, a Rule 32, Ala. R. Crim. P., petition for postconviction relief. (C. 2.) In his petition, Knight challenged his 2008 conviction for reckless manslaughter and his resulting sentence of 17 years' imprisonment. This Court affirmed Knight's conviction and sentence on direct appeal in an unpublished memorandum issued on June 19, 2009. Knight v. State (No. CR-07-1657), 51 So.3d 405 (Ala. Crim. App. 2009) (table). The Alabama Supreme Court denied certiorari review, and this Court issued a certificate of judgment on November 13, 2009.
On January 30, 2017, Knight filed the instant petition, what appears to be at least his second petition challenging his 2008 conviction and sentence. As best we can discern, Knight alleged in his petition: (1) that his trial counsel was ineffective for not objecting to the trial court's jury instruction on manslaughter as a lesser-included offense of intentional murder as charged in the indictment, and (2) that his 17-year sentence is illegal because, he said, he is entitled to be resentenced under the presumptive sentencing standards, which took effect on October 1, 2013. On January 31, 2017, the circuit court issued an order instructing Knight either to pay the filing fee associated with his petition or to submit a request to proceed in forma pauperis. On March 2, 2017, Knight submitted a request to proceed in forma pauperis; the circuit court granted the request on March 3, 2017.
On March 23, 2017, the State filed a response to Knight's petition, in which it requested that the circuit court summarily dismiss the petition. The State argued that claim (1), as set out above, was precluded because it should have been, but was not, raised in Knight's first Rule 32 petition, and that claim (2), as set out above, was meritless because the presumptive sentencing standards, which took effect on October 1, 2013, do not apply retroactively, and, even if the standards did apply retroactively, manslaughter fell under the voluntary sentencing standards, not the presumptive sentencing standards. The State also argued that claim (2) was "not properly filed in that it should be filed with the nearest Circuit Court to where the Petitioner resides and not the Trial Court which heard his case." (C. 15.) On March 24, 2017, the circuit court issued an order granting the State's request for summary dismissal and dismissing Knight's petition.
On appeal, Knight's sole argument is that the circuit court erred in summarily dismissing his petition, which he now concedes was a Rule 32 petition and not a habeas corpus petition, instead of returning *1110 the petition to him so that he could file the petition in the proper form for a Rule 32 petition, and he requests that we reverse the circuit court's judgment and remand this cause for the circuit court to return the petition to him to be refiled in the proper form under Rule 32.6(a), Ala. R. Crim. P. The State agrees with Knight and also requests that we reverse the circuit court's judgment and remand this cause for the circuit court to return the petition to Knight so that Knight may refile the petition in the proper form under Rule 32.6(a). We reject both Knight's and the State's requests.
In the early 1990s, this Court consistently reversed judgments dismissing Rule 32 petitions that were styled as habeas corpus petitions and remanded the cases with instructions that the petitions be returned so that they could be refiled in the proper form under Rule 32.6(a). See, e.g., Williams v. State, 642 So.2d 491 (Ala. Crim. App. 1993) ; Wheeler v. State, 615 So.2d 1330 (Ala. Crim. App. 1993) ; O'Neal v. State, 601 So.2d 1155 (Ala. Crim. App. 1992) ; Wright v. State, 597 So.2d 761 (Ala. Crim. App. 1992) ; and Drayton v. State, 600 So.2d 1088 (Ala. Crim. App. 1992). However, in 1995, the Alabama Supreme Court overruled that line of cases in Maddox v. State, 662 So.2d 915 (Ala. 1995), which we quote in its entirety:
"Jimmy Lee Maddox was convicted in 1972 of forgery in the first degree. He filed a post-conviction petition for writ of habeas corpus and/or writ of error coram nobis 21 years after his conviction. The Court of Criminal Appeals remanded the case to the circuit court with directions to return the petition to Maddox so that he could file it in the court of original conviction, as required by Rule 32, Ala. R. Crim. P. See Maddox v. State, 662 So.2d 914 (Ala. Crim. App. 1993).
"Judge Bowen dissented from the majority opinion, stating:
" 'Rule 32.5 [, Ala. R. Crim. P.,] requires that post-conviction petitions "shall be filed in and decided by the court in which the petitioner was convicted." This petition was filed in the court of original conviction.
" 'Rule 32.4 mandates that any "post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under ... [R]ule [32]." This petition, styled as one for a writ of habeas corpus and/or error coram nobis, was so treated.
" 'Rule 32.7(d) provides that "[i]f the court determines that the petition is ... precluded, ... and that no purpose would be served by any further proceedings, the court may dismiss the petition or grant leave to file an amended petition." This petition was summarily dismissed because, as a collateral attack on a 21-year-old conviction for which the statute of limitations had long since run, it showed on its face that it was precluded. The appellant did not request leave to amend his petition.
" 'Apparently this Court believes that the foregoing provisions of Rule 32 are less important than the following directive of Rule 32.6(a) :
" ' "The petition should be filed by using or following the form accompanying this rule. If that form is not used or followed, the court shall return the petition to the petitioner to be amended to comply with the form."
" 'I cannot share that belief. Just as Rule 32.7(d) (allowing summary dismissal of a petition) overrides, in some cases, the Rule 32.7(a) requirement that the prosecutor file a response, see *1111 Bishop v. State, 608 So.2d 345, 347-48 (Ala. 1992), agreeing with my dissent in and reversing Bishop v. State, 592 So.2d 664 (Ala. Cr. App. 1991), Rule 32.7(d) also takes precedence, in some cases, over the Rule 32.6(a) requirement that the petition be filed on the proper "form." Our blind adherence to the holding of Drayton v. State, 600 So.2d 1088 (Ala. Cr. App. 1992), is a literal exaltation of form over substance.
" 'It is ridiculous to remand this cause so that the appellant will have the opportunity to file a petition in the proper form that will be promptly dismissed. I dissent.'
"662 So.2d at 915.
"We granted the State's petition for certiorari review to address the State's contention that the Court of Criminal Appeals erred 'in holding that a petition which was due to be dismissed as a successive petition and precluded by the statute of limitations must be remanded so Appellant can file it on the proper form so that it can be dismissed and denied again.' We agree, and we adopt Judge Bowen's dissent as the opinion of this Court. See our opinion in Lockett v. State, 644 So.2d 34 (Ala. 1994), which addresses this same issue; our holding in Lockett requires that we reverse the judgment in this case."
662 So.2d at 916. Here, as in Maddox, Knight's petition was filed in the court of original conviction as required by Rule 32.5, and nothing in the record indicates that the circuit court did not properly treat the petition as a Rule 32 petition in accordance with Rule 32.4.
The State argues that because it incorrectly averred in its response to the petition that Knight's challenge to the legality of his sentence "should be filed with the nearest Circuit Court to where the Petitioner resides and not the Trial Court which heard his case," because the circuit court referenced the State's response in its order, and because the "the circuit court's order does not clearly reflect the basis of the court's dismissal of the petition" (State's brief, pp. 5-6), the circuit court's order "could be interpreted as relying on the improper grounds for dismissal cited by the State." (State's brief, pp. 3-4.) This is true. This Court could interpret the circuit court's order as summarily dismissing Knight's petition on an improper ground, i.e., on the ground that the petition should have been filed in a different venue. However, we decline to do so because circuit judges "are presumed to know the law and to follow it in making their decisions." Ex parte Slaton, 680 So.2d 909, 924 (Ala. 1996). That the circuit court referenced in its order the State's response to Knight's petition, which response happened to include an incorrect assertion, is not sufficient to overcome the presumption that the circuit court knew and followed the law when dismissing Knight's petition. Cf. Bagley v. State, 186 So.3d 488, 489 (Ala. Crim. App. 2015) ("The circuit court's identification of Bagley's petition according to its style [a habeas corpus petition] is not alone sufficient to overcome the presumption that the circuit court followed the law when dismissing Bagley's petition."). Absent any indication in the record to the contrary, we presume that the circuit court properly treated Knight's petition as a Rule 32 petition for postconviction relief and ruled on it accordingly.
Moreover, not only is a circuit court not required to state its reasons for summarily dismissing a Rule 32 petition, see Fincher v. State, 724 So.2d 87, 89 (Ala. Crim. App. 1998) ("Rule 32.7 does not require the trial court to make specific findings of fact upon a summary dismissal."), but, with certain exceptions not applicable *1112 here, the general rule is that this Court may affirm a circuit court's judgment if it is correct for any reason. See Bryant v. State, 181 So.3d 1087, 1100 (Ala. Crim. App. 2011) ; Moody v. State, 95 So.3d 827, 833 (Ala. Crim. App. 2011) ; and McNabb v. State, 991 So.2d 313, 333 (Ala. Crim. App. 2007), and the cases cited therein. Thus, even if we were to presume that the circuit court summarily dismissed Knight's petition on an improper ground, this Court may nonetheless affirm the court's judgment if it is correct for another reason, which it clearly is.
Rule 32.7(d), Ala. R. Crim. P., authorizes the circuit court to summarily dismiss a petitioner's Rule 32 petition
"[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings ...."
See also Hannon v. State, 861 So.2d 426, 427 (Ala. Crim. App. 2003) ; Cogman v. State, 852 So.2d 191, 193 (Ala. Crim. App. 2002) ; Tatum v. State, 607 So.2d 383, 384 (Ala. Crim. App. 1992). Summary disposition is also appropriate when the petition is obviously without merit or where the record directly refutes a Rule 32 petitioner's claim. See Shaw v. State, 148 So.3d 745, 765 (Ala. Crim. App. 2013).
Claim (1) in Knight's petition was not sufficiently pleaded to satisfy the requirements Rule 32.3, Ala. R. Crim. P., which places on the petitioner "the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief," and Rule 32.6(b), Ala. R. Crim. P., which requires that a petition "contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Knight made only the bare allegation in his petition that his "trial counsel was ineffective by failing to object to the court's improper jury instruction(s), specifically, instructing the jury of the lesser included offense(s) for the offense of manslaughter, either 'voluntary' or 'involuntary.' "[1] (C. 2.) However, Knight failed even to allege in his petition why he believed the manslaughter instruction to be improper, much less plead any facts indicating that the instruction was, in fact, improper. Therefore, summary dismissal of this claim was appropriate.
Claim (2) in Knight's petition was, as argued by the State in its response to the petition, meritless on its face. Not only are the presumptive sentencing standards, which took effect on October 1, 2013, not retroactively applicable to Knight, who was sentenced in 2008, but also, even if they were, manslaughter is not an offense that falls within those standards; manslaughter is an offense covered only by the voluntary sentencing standards. See Presumptive and Voluntary Sentencing Standards Manual 19, 53 (2013).[2] Therefore, summary dismissal of this claim was also appropriate.
*1113 Because summary dismissal of the two claims in Knight's petition was clearly proper, it would be " 'ridiculous to remand [this] cause so that [Knight] will have the opportunity to file a petition in the proper form that will be promptly dismissed.' " Maddox, 662 So.2d at 916 (quoting Judge Bowen's dissent).
Based on the foregoing, the judgment of the circuit court summarily dismissing Knight's Rule 32 petition is affirmed.
AFFIRMED.
Windom, P.J., and Welch, Burke, and Joiner, JJ., concur.

Under Alabama law, there are only two types of manslaughter-provocation (heat-of-passion) manslaughter and reckless manslaughter. Alabama does not recognize voluntary and involuntary manslaughter.

We note that the presumptive sentencing standards were amended effective October 1, 2016.