176 So.2d 37

**Lurton Lewis HEFLIN**

v.

**STATE of Alabama.**

**1 Div. 280.**

Supreme Court of Alabama.

May 20, 1965.

Rehearing Denied June 17, 1965.

Thompson & White, Bay Minette, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

Appeal from judgment of circuit court of Baldwin County denying appellant's application for writ of error coram nobis after a hearing on said application.

On March 11, 1954, appellant was indicted by a Baldwin County Grand Jury for first degree murder. At that time, he was a federal prisoner. He was arraigned on September 25, 1954, tried on the following October 1st and 2nd, and on October 2nd convicted of second degree murder and sentenced to 30 years imprisonment in the penitentiary, said sentence to begin at the expiration of his federal sentence. At his arraignment, he was represented by two court-appointed attorneys. There, he stood mute, as did his attorneys. Whereupon, the court, pursuant to Code 1940, Tit. 15, § 276, entered a plea of "not guilty" for him. On his trial, he was represented by the same court-appointed attorneys and also by an attorney obtained by his family. There is no indication that these attorneys were other than fully competent to represent appellant and did adequately represent him at his trial. There was no appeal to this court from said judgment; and, so far as the record discloses, there was no motion for a new trial.

The application for coram nobis was filed on December 3, 1964, and heard on December 21, 1964. The instant appeal was taken on January 6, 1965, and submission was had here on April 14, 1965.

In the coram nobis proceeding, the trial court appointed experienced counsel to represent appellant. The same counsel represents him on this appeal, not by appointment of the trial court, but at appellant's request. A free transcript of the coram nobis proceeding was furnished appellant, at his request, and is now before us on this appeal.

Appellant takes the position that, in effect, he was without counsel at his arraignment because his appointed counsel (I) did not have sufficient time, between their appointment and the arraignment, to prepare and make "pre-trial motions allowed under Alabama law" and (II) stood mute at the arraignment. Other points made by appellant are (III) "that he was denied, by the court's failure to advise him, of his right to have counsel and to have a free trial transcript to appeal his conviction to the Alabama Supreme Court," and (IV) that the trial court did not appoint counsel to represent him on the appeal now before us, as requested by him on the basis of his indigency.

I and II.

In denying the coram nobis petition, the trial court made the following pertinent findings, among others, which the evidence supports, viz.:

"4. That on September 25, 1954, the Circuit Judge, Hon. Hubert M. Hall, duly appointed Hon. Harry J. Wilters, Jr. and Hon. Tolbert M. Brantley, both practicing Attorneys in Baldwin County, Alabama, to represent the petitioner at said time.

"5. That said Attorneys were appointed prior to the petitioner's arraignment, and that they conferred with him regarding the charge against him prior to the time he made his plea at the arraignment;

"6. That prior to October 1, 1954, the date on which Petitioner was put to trial, the Hon. John Tucker, a licensed practicing Attorney from Jefferson County, Alabama, was employed by members of the Petitioner's family to represent petitioner and that he did, as a matter of fact, act as Attorney-in-chief at Petitioner's trial on October 1, 1954;

"7. That on September 25, 1954, the Petitioner was arraigned in the Circuit Court of Baldwin County, Alabama, and after the reading of the indictment to him he stood mute, whereupon the Court entered a plea of not guilty, based on Defendant's refusal to plead;

"8. That on the 25th day of September, 1954, a copy of the indictment, together with a copy of the venire was

served upon the Petitioner, this being done prior to his arraignment;

\* \* \* \* \* \*

"10.. That on October 2, 1954, the defendant was duly sentenced to imprisonment in the penitentiary for the term of 30 years—'Jury and verdict, we, the jury find the defendant guilty, of second degree murder and fix his sentence at 30 years in prison within the penitentiary, George Stough, foreman'. The defendant being then present in open Court and attended by his Attorney, was called before the Bar of the Court and asked if he had anything to say why the judgment of the Court and the sentence of the law should not be pronounced upon him, said nothing, whereupon the Defendant was sentenced by the Court to imprisonment in the State penitentiary for 30 years, said sentence to begin at the expiration of the sentence in the Federal Penitentiary;

"11. That the Court has considered the several grounds set out in the petition for writ of error coram nobis, and finds that there is no basis for the same and that none of the grounds contained therein have (sic) been substantiated and that said petitioner was duly and legally tried, convicted and sentenced to the penitentiary of the State of Alabama; \* \* \*."

There was no request for additional time to confer with appellant before his arraignment, nor for a continuance, nor for an opportunity to file any other motion or pleading prior to the arraignment or trial. Indeed, there is no indication that such inaction on the part of appellant's counsel was detrimental to appellant. There being an absence of any showing whatever that appellant's counsel did not competently and adequately represent him at his arraignment, we hold that contentions I and II are without merit. As already noted, Code 1940, Tit. 15, § 276, requires the court to enter a plea of "not guilty" for an accused when he stands mute on arraignment.

### III.

There is no showing that appellant indicated he wanted to take an appeal. Under the circumstances, we see no basis for holding that the trial court should have advised appellant "of his right to have counsel and to have a free trial transcript to appeal his conviction to the Alabama Supreme Court."

### IV.

 Since appellant has counsel representing him on the present appeal, the failure of the trial court to appoint counsel to represent him is of no consequence.

The judgment is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.