LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment rendered on August 5, 1982, that recites in pertinent part:
“This day in open court came the State of Alabama by its District Attorney and the Petitioner in his own proper person and with his attorney, John Bertolotti, and the Petition For Writ of Habeas Corpus filed June 29th, 1982, by Petitioner's Attorney, coming on to be heard and being argued by Counsel and being understood by the Court; It is ordered and adjudged by the Court that the Petition For Writ of Habeas Corpus filed June 29th, 1982, by Petitioner’s Attorney, be and the same is hereby denied.”
*675 The petition is styled “Calvin E. Brown, (110869) Petitioner, vs. Joe S. Hopper, Commissioner, Alabama Board of Corrections, Respondent” and is captioned “Petition For Writ Of Habeas Corpus.” The petition is purportedly a pro se petition in clearly legible printed handwriting, was executed by petitioner while imprisoned at Holman Prison, on June 27, 1982. It was filed with the Clerk of the Circuit Court of Mobile County on June 29, 1982. On July 30, 1982, the attorney named above, who represented petitioner on the hearing and now represents him on appeal, has filed a brief, in which he states:
“Although Defendant’s Petition was labeled as a Petition for Writ of Habeas Corpus (R. 1), the trial court properly treated the Petition as one for Writ of Error Coram Nobis. Johnson v. Williams, 244 Ala. 891, 13 So.2d 683 (1943). The court proceeded to hear the evidence and denied the petition on its merits. At a coram nobis hearing, the burden of proof is on the Petitioner, Lewis v. State, 367 So.2d 542 (Ala.Cr.App.), cert. denied, 367 So.2d 547 (1978), and he must satisfy the court of the probability of the truth of his allegations. Ex Parte Taylor, 249 Ala. 667, 32 So.2d 659, aff’d, 335 U.S. 252 [68 S.Ct. 1415, 92 L.Ed. 1935] (1947).
“Petitioner’s allegations in this case are similar to those made in Heflin v. State, 278 Ala. 106, 176 So.2d 37 (1965), and Ex Parte Arrington, 254 Ala. 92, 47 So.2d 269 (1950). Defendant’s contentions about his appointed attorney’s inadequate representation were supported only by his own testimony, and were contradicted by the testimony of the other two witnesses who testified. The judge decided that the Petitioner had not met his burden of proof. The judge’s decision is supported by the record and by Heflin and Arring-ton.”
The appellant has filed a six-page handwritten, readily legible pro se brief in which he raises many questions and cites a large number of cases, some from United States Supreme Court. It appears that he has served appellee’s counsel with a copy of his pro se brief, but there is no indication that he served a copy thereof on his own appointed counsel.
No writ of habeas corpus was ever issued, and, therefore, no return thereon was ever made or required.
According to the transcript of the proceedings, on August 6, 1982, with the petitioner, his appointed attorney, and an assistant district attorney present in court, the hearing was commenced as follows:
“THE COURT: All right for the record, this is the case of the State of Alabama v. Calvin Lewis Brown, case No. CC-79-1645. In this particular case on December 6,1979, the jury returned a verdict of guilty, and I sentenced the defendant to Life in prison. Since that time, the Criminal Court of Appeals affirmed that conviction and sentence on June 17, 1980. Since that time, there was a Petition for Transcript filed by the defendant pro se which I denied. And now this Petition for Habeas Corpus filed by the defendant himself, and I appointed Mr. John Berto-lotti to represent him on this Petition for Habeas Corpus. I have no idea who prepared this eight pages, ninety-nine percent of which is absolutely — has no bearing at all, but I brought the defendant back from the penitentiary for this hearing, because the defendant alleged in here, among other things, ‘Incompetent counsel.’ I have also had the attorney present today for this hearing. Are your ready Mr. Bertolotti?
“MR. BERTOLOTTI: We are ready to proceed.
“THE COURT: Those who are going to testify stand and raise your right hand.
“(WITNESSES SWORN)
“MR. COPELAND [Assistant District Attorney who represented the State on the trial of the case that resulted in petitioner’s conviction and imprisonment]: Your Honor, if it might be possible to take me out of order. I’ve got to take Dr. Red-dick’s deposition in twenty-five minutes.
“THE COURT: Go ahead. Sure.
*676 “MR. BERTOLOTTI: I hadn’t even planned to call Lloyd [Mr. Copeland] myself.
“MR. HARRISON [Assistant District Attorney]: We are. We have to put something in the record to respond to ineffective assistance. Take the stand please.”
Thereupon, Mr. Copeland testified briefly as to the trial in which defendant was convicted and was excused. Thereafter, there was testimony by the petitioner and by the attorney representing petitioner on the trial that resulted in his conviction. The following is the concluding portion of the transcript of the hearing:
“MR. BERTOLOTTI: No further questions.
“THE COURT: Writ of Habeas Corpus is denied.
“PETITIONER: Judge, Your Honor, I’d like to appeal that.
“THE COURT: Certainly.”
Although we greatly admire the well intended effort of the learned trial judge to take time by the forelock and proceed, with justice to all concerned, to a final determination of a grievance by petitioner that is not redressable by petition for writ of habeas corpus, we seriously doubt his authority to convert a petition for writ of habeas corpus, which the petition in the instant case is, into a petition for writ of error coram nobis, which the petition is not, either in form or in essence. Nor do we agree with counsel for appellant that Johnson v. Williams, 244 Ala. 391, 13 So.2d 683 (1943), authorizes treatment of an out-and-out petition for habeas corpus as a petition for writ of error coram nobis. In the cited case, it was held that appellant’s contention, in addition to his claim for a reversal and remandment of the case for another trial, that he should be permitted to file a petition for writ of error coram nobis was not well taken for the reason that the facts asserted did not warrant relief by a coram nobis proceeding. At the time of the cited case, in order for one to obtain relief by a coram nobis proceeding, he had to first file in the Supreme Court “a petition for leave to file” in the trial court a “petition for writ of error coram nobis.”
Although the trial court, as the same trial court that tried and rendered the judgment of conviction and sentence for which this appellant was and is now imprisoned, had authority to grant a petition for writ of error coram nobis after a hearing thereon at which evidence is presented sufficient to furnish a basis for such a writ, it would not have had authority to grant a writ of habeas corpus unless the trial judge was “the nearest circuit court judge” to the place of imprisonment, which was hardly likely in this particular case as the petitioner was confined in the area composing the Twenty-first Judicial Circuit and the petition was filed and acted on by a judge of the Thirteenth Judicial Circuit. Between the two circuits is the Twenty-eighth Judicial Circuit. Code of Alabama 1975, § 15-21-6 provides:
“(a) When the person is confined in a county jail or in any other place on a charge of felony or under a commitment or an indictment for felony, the petition for a writ of habeas corpus must be addressed to the nearest circuit court judge.
“(b) When the person is confined in the penitentiary or under a sentence, judgment or order of the Supreme Court or the circuit court, other than an indictment for felony, the petition must be addressed to the nearest circuit court judge.
“(c) In all other cases, it may be addressed to any one of them, and when the person is confined in any other place than the county jail or the penitentiary and on any other than a criminal charge, it may be addressed to any circuit court judge.”
No provision in the entire Alabama statutory procedure as to habeas corpus, § 15-21-1 through § 15-21-34, contemplates a hearing on the application or the petition unless and until grounds for the issuance of the writ are presented by the petition or application. A petition for writ of habeas corpus furnishes no basis for relief from imprisonment or detention if and when the petition or application clearly discloses as the cause of the petitioner’s detention or imprison *677 ment, that the court rendering judgment of conviction and sentence was acting within its jurisdiction in rendering such judgment. Edwards v. State, 274 Ala. 561, 150 So.2d 709 (1963); Cooper v. Wiman, 273 Ala. 699, 145 So.2d 216 (1962), cert. denied, 371 U.S. 958, 83 S.Ct. 516, 9 L.Ed.2d 505 (1963); Brooks v. State, 42 Ala.App. 69, 152 So.2d 441 (1963). We are not unmindful of the prevailing practice in the last few decades of resolving any doubt in favor of petitioner as to whether the petition for writ of habeas corpus presented valid grounds for relief and consequently requiring a return so that the court could determine from the issues and any evidence presented at the time of a hearing whether petitioner was entitled to discharge or release from his imprisonment or detention, which practice was prompted chiefly perhaps by suggestion of the Alabama Supreme Court, by Justice Lawson, in Ex parte Rockholt, 271 Ala. 68, 122 So.2d 162, cert. denied, 364 U.S. 935, 81 S.Ct. 384, 5 L.Ed.2d 368, in which it is stated as follows:
“The safe rule for trial judges or courts to follow is to grant the writ and dispose of the case finally upon the return to the writ unless it is very clear from the petition that petitioner is not entitled to the writ. Robertson v. State, 20 Ala.App. 514, 104 So. 561; The Law of Habeas Corpus in Alabama by Judge Walter B. Jones, 3 Alabama Law Journal, 155.”
We must conclude from what we have said that “it is very clear from the petition” in this case that petitioner was not entitled to a writ of habeas corpus and that the judgment of the trial court denying the petition for writ of habeas corpus should be affirmed. In doing so, we pretermit any determination of any questions relative to the subject of writ of error coram nobis.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
DeCARLO, P.J., and TYSON and HARRIS, JJ., concur.
BOWEN, J., concurs in the result only.