The appellant was convicted of possession of a short-barreled shotgun in violation of Section 13A-11-63, Code of Alabama
(1975). He was thereafter sentenced to twenty years' imprisonment pursuant to the Habitual Felony Offender Act. His attorney has failed to file a brief on appeal.
"In Ex parte Dunn, 514 So.2d 1300 (Ala. 1987), our Supreme Court held:
 " 'We consider the failure to file a brief on appeal to be "[a]ctual or constructive denial of the assistance of counsel," following the reasoning of other courts that have considered this question. [Citations omitted]. Consequently, no showing of prejudice is required under Strickland [v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)], where an attorney fails to file a brief on first appeal as of right, where that appeal is desired by the defendant.' "
Johnson v. State, 528 So.2d 1167 (Ala.Cr.App. 1987).
Therefore, because the appellant is entitled to effective assistance of counsel on his first appeal of right, Evitts v.Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), this case is remanded for the trial court to determine whether the appellant desires to pursue his appeal. If so, the trial court is hereby ordered to appoint new counsel for the appellant, and the time for filing briefs shall run from the date of the appointment.
REMANDED WITH DIRECTIONS.
All Judges concur.