574 So.2d 886 (1990)
Ronald Alan MACE
v.
STATE.
CR 89-484.
Court of Criminal Appeals of Alabama.
August 24, 1990.
Rehearing Denied October 26, 1990.
Return to Remand December 28, 1990.
*888 Ronald Alan Mace, pro se.
Don Siegelman, Atty. Gen., and Andy S. Poole, Asst. Atty. Gen., for appellee.
PATTERSON, Judge.
Ronald Alan Mace appeals from the denial of his petition for post-conviction relief filed pursuant to Rule 20, A.R.Cr.P.Temp. He filed his petition on October 17, 1989, and the trial court denied it without a hearing on October 19, 1989, on the ground that it was a successive petition under Rule 20.2(b), which precluded consideration by the trial court. Mace appeals this ruling. In his petition, he sought relief from his conviction on February 10, 1986, for murder and from the resulting sentence of life imprisonment and the order to pay restitution of $5,389.90, court costs, and $1,000.00 for attorney fees. He appealed his conviction to this court, and we affirmed, January 27, 1989, without issuing an opinion. Mace v. State, 546 So.2d 403 (Ala.Cr.App.1989).
Mace filed a petition for writ of error coram nobis while his direct appeal was pending, alleging that his conviction was unlawful because he was tried by a jury of fewer than 12 persons. That petition was summarily denied on September 28, 1988. No appeal was taken. Mace concedes that this petition lacked merit.
In his petition now before us, Mace contends that his conviction was obtained by the use of a coerced confession; that it was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; that it was obtained by a violation of the privilege against self-incrimination; that it was obtained by the unconstitutional failure of the state to disclose exculpatory evidence; and that he was denied constitutionally effective assistance of counsel. He also claims that he is entitled to relief because of newly discovered evidence.
It appears that the only allegations in appellant's petition that are now cognizable in a Rule 20 petition are the allegations of ineffective assistance of counsel and newly discovered evidence. The other allegations either could have been but were not raised at trial, or could have been but were not raised on appeal, or do not come within the scope of the Rule and are thus precluded from the post-conviction remedy, Rule 20.2(a)(3) and (5). Appellant's allegation of newly discovered evidence is insufficiently stated, Rule 20.1(e). Thus, the only claim before the trial court was the ground of ineffective counsel.
Rule 20.2(b) provides the following:
"The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petition shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."
There has been no showing that appellant's first petition was "heard," as is contemplated in Rule 20.2(b); therefore, appellant's present petition is not precluded as being a successive petition. Before a petition can be precluded as successive, the petitioner is entitled to an adjudication of the merits of a previous petition. Blount v. State, 572 So.2d 498 (Ala.Cr.App.1990).
Appellant contends that he was denied effective assistance of counsel for the following reasons: He was not represented by counsel at his restitution hearing; appellate counsel filed an Anders[1] brief on his direct appeal instead of prosecuting a proper appeal; counsel failed to seek a continuance of the trial when he learned, just before the trial commenced, that the state intended to introduce an incriminating letter written by appellant to his girlfriend from the jail while he was awaiting trial; counsel did not file a motion to suppress until the day of trial; counsel failed to utilize the testimony of a psychologist to establish appellant's "frame of mind" prior to, during, and after the killing of the *889 victim, and the effect that alcohol would have had on appellant; and counsel failed to investigate the reputation of the victim for aggressive behavior. Appellant also made other general contentions critical of defense counsel's handling of the case.
In considering this appeal, we have again examined the record of appellant's murder trial, which is on file in this court and of which we take judicial notice. The record shows that appellant was present, but was not represented by counsel, at his restitution hearing. Counsel failed to appear, after notice, and the trial judge proceeded with the hearing. This constituted error. In the absence of waiver of counsel or a stipulation by the parties as to the amount of restitution, the trial court could not legally order restitution in the absence of appellant's counsel. Williams v. State, 506 So.2d 368 (Ala.Cr.App.1986), cert. denied, 506 So.2d 372 (Ala.1987); Ala.Code 1975, § 15-18-67.
Failure of counsel to appear at the restitution hearing constituted ineffective assistance of counsel. Clearly, the components of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), were met, so as to require a new restitution hearing. There is no question that counsel's performance, by failing to appear, was deficient; appellant showed "that counsel made errors so serious that counsel was not functioning as `counsel' guaranteed [appellant] by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064. In regard to the "prejudice" component of Strickland v. Washington, the Court stated the following: "In certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." Id. at 692. The denial can be due entirely to the attorney's action, Nineteenth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1988-1989, 78 Geo.L.J. 1077, 1092, n. 1824 (1990), and cases wherein prejudice is presumed include situations in which there is a complete denial of counsel at a critical stage of the trial, id. at n. 1823.
We have considered the other allegations of ineffective assistance of counsel in light of the trial record, and we find no merit in them, particularly since the evidence of appellant's guilt was overwhelming. Appellant admitted writing the incriminating letter to his girlfriend, which read, in part, as follows: "[W]hen I got out of my car that night I told myself I was going to kill someone and god damn it I did and I don't regret doing it either. I can do a little time in prison, maybe people won't fuck with me anymore now." We cannot say that counsel was constitutionally ineffective in filing an Anders brief on direct appeal. See Ex parte Dunn, 514 So.2d 1300, 1304, n. 3 (Ala.1987) (wherein the court noted that, where Anders is followed, a showing of prejudice is generally required). We find that counsel's representation was clearly adequate and effective, with the exception of his failure to represent appellant at the restitution hearing.
We remand this case to the trial court with instructions to hold a hearing, at which appellant shall be present and represented by counsel, to determine the amount of restitution. Due return should be made of the proceedings below.
REMANDED WITH DIRECTIONS.
All Judges concur.

RETURN TO REMAND
PATTERSON, Judge.
Pursuant to our instructions, the trial court held another restitution hearing, wherein the appellant was present with his counsel. The trial court directed the appellant to pay restitution in the amount of $5,389.90. No further issue has been presented.
Accordingly, this cause is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).