MONTIEL, Judge.
Jerry Brooks filed a petition for a writ of habeas corpus with the Escambia Circuit Court, challenging his conviction in Cull-man County for the unlawful breaking and entering of a motor vehicle. In his petition, the appellant alleges that he was not advised by the trial court that he was eligible for youthful offender treatment. In its order dismissing the petition, the circuit court stated:
“This matter comes before the Court on the motion to dismiss filed by the respondent. Although the petition is labeled as a habeas corpus, it is a petition for post conviction relief which should be filed in the form prescribed in Rule 32 of the Alabama Rules of Criminal Procedure. It has not been filed in the proper form nor has it been filed in the proper court. The defendant was convicted in Cullman County, Alabama, and the Rule 32 petition should be filed in the Circuit Court of Cullman County since he is attacking the Cullman County conviction.” (R. 13)
The trial court correctly determined that the petition was a petition seeking relief from conviction or sentence and recognized that the petition should be governed by Rule 32, A.R.Crim.P. However, the trial court did not follow the procedures outlined in Rule 32. According to Rule 32.5, A.R.Crim.P., the trial court should have transferred the petition to the Cullman Circuit Court, where the conviction being challenged occurred. Thus, this cause is remanded to the Escambia Circuit Court with directions that this cause be transferred to the Cullman Circuit Court. Upon transfer, the Cullman Circuit Court shall return the petition to the appellant so that he may have the opportunity to file a proper Rule 32 petition as required by Rule 32.6(a), A.R.Crim.P. See Drayton v. State, 600 So.2d 1088 (Ala.Crim.App.1992).
REVERSED AND REMANDED.
All the Judges concur.