This is an appeal from the dismissal of a petition for a writ of habeas corpus.
The petitioner, Jerry Z. Hiett, filed a document entitled "Petition for the Application of the Writ of Habeas Corpus" in the Elmore Circuit Court on July 21, 1992. In this petition, he challenges his two 1988 Cleburne County convictions for perjury in the first degree based on the following allegations: that his trial counsel was ineffective; that the two convictions violate double jeopardy principles because both perjury convictions arose from the same testimony he gave at the sentencing hearing of Bill Hiett, see Hiett v. State,548 So.2d 483 (Ala.Cr.App. 1987); that his convictions were obtained by violating his right against self-incrimination; and that his two consecutive life sentences are excessive and the result of a vindictive application of the Habitual Felony Offender Act.
On August 24, 1992, an Elmore County Assistant District Attorney filed what appears to be an untimely motion[1] to dismiss the petition. This motion alleged that the issues raised in the habeas petition were issues "properly asserted in a [Rule 32 petition]"; that the petition should be treated as *Page 493 
a Rule 32 petition; and that relief was precluded because the issues could have been raised on appeal, because the petition was a successive petition, and because the petition was filed beyond the two-year period of limitations provided in Rule 32.2(c). CR. 19. The trial court granted the State's motion, treating the petition as one for post-conviction relief and dismissing the petition without an evidentiary hearing.
Hiett's petition contains the following statement: "[T]his is not a Rule 32 Petition, and is not to be construed as a Rule 32 Petition. See Brown v. State, 429 So.2d 674 (Ala.Cr.App. 1983)." CR. 10. In Brown, this Court held:
 "Although we greatly admire the well intended effort of the learned trial judge to take time by the forelock and proceed, with justice to all concerned, to a final determination of a grievance by petitioner that is not redressable by petition for writ of habeas corpus, we seriously doubt his authority to convert a petition for writ of habeas corpus, which the petition in the instant case is, into a petition for writ of error coram nobis, which the petition is not, either in form or in essence."
Brown, 429 So.2d at 676. On the authority of Rule 32, A.R.Crim.P., and the cases cited below, Brown is specifically overruled to the extent that it holds that a circuit court does not have the authority to treat a petition for a writ of habeas corpus as a petition for post-conviction relief.
Rule 32.4 specifically provides:
 "A proceeding under this rule displaces all post-trial remedies except post-trial motions under Rule 24 and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule."
In Nickerson v. State, 597 So.2d 762 (Ala.Cr.App. 1992), this Court specifically held that a petition for a writ of habeas corpus contesting the validity of a conviction should have been treated as a petition for post-conviction relief.
 "[T]he purposes behind Rule 32 call for diligent conformity to the Rule. Rule 32 not only '[c]onsolidates habeas corpus and coram nobis into a single comprehensive remedy,' it '[r]equires, subject to a limited exception, the consolidation
of all claims in a single petition.' H. Maddox, Alabama Rules of Criminal Procedure § 32.0, p. 783 (1990) (emphasis added). 'Postconviction relief . . . is intended . . . to eliminate confusion and avoid repetitious and successive applications for relief while protecting petitioner's constitutional rights.' 24 C.J.S. Criminal Law § 1612 (1989) (footnote omitted). The procedural provisions of Rule 32, such as the preclusion provisions, were fashioned and adopted in furtherance of this goal of a single, comprehensive petition."
597 So.2d at 763. As we stated in Drayton v. State,600 So.2d 1088, 1089 (Ala.Cr.App. 1992): "Rule 32 did not abolish the substantive right to post-conviction review under the statutory remedy of habeas corpus. It merely changed the procedure for seeking habeas corpus relief in most situations."
The petitioner simply cannot avoid the procedural bars of Rule 32 by entitling his petition as one for writ of habeas corpus,[2] or by declaring that the petition "is not to be construed as a Rule 32 petition." The Elmore Circuit Court properly treated the habeas corpus petition as a petition for post-conviction relief. However, that court was not the court of conviction and, consequently, had no authority to dispose of the petition. Rule 32.5 clearly provides:
 "Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed in another court, it shall be transferred to the court where the conviction occurred." (Emphasis added.)
See also Rivera v. State, 615 So.2d 659 (Ala.Cr.App. 1992) ("Rule 32 petitions are properly *Page 494 
entertained by the court in which the defendant was convicted").
Therefore, the judgment of the circuit court dismissing the petition for a writ of habeas corpus is reversed. This cause is remanded with directions that the Elmore Circuit Court transfer the matter to the Cleburne Circuit Court and that the Cleburne Circuit Court return the petition to the petitioner so that he may have the opportunity to file his petition in the proper form as required by Rule 32.6.[3] E.g., Brooks v. State,612 So.2d 543 (Ala.Cr.App. 1992); Graham v. State, 599 So.2d 82
(Ala.Cr.App. 1992).
REVERSED AND REMANDED.
All Judges concur.
[1] Rule 32.7(a) provides in pertinent part that "[w]ithin thirty (30) days after the service of the petition, or within the time otherwise specified by the court, the district attorney . . . shall file with the court . . . a response."
[2] "This court is well aware that many of these petitions are being styled as habeas corpus petitions deliberately to avoid the limitations period of Rule 32.2(c) or because the inmates have previously filed a petition seeking post-conviction relief that was decided on the merits [see Vintson v. State,494 So.2d 869 (Ala.Cr.App. 1986)], and thus, any additional petitions would most likely be considered successive under Rule 32.2(b)."Drayton, 600 So.2d at 1091.
[3] I have previously expressed my disapproval of this Court's blind adherence in all cases to Rule 32.6, which requires that petitions for post-conviction relief "be filed by using or following the form accompanying this rule," and the Court's implicit determination that this particular provision of Rule 32 outweighs all other provisions of the Rule, including the summary disposition provision of Rule 32.7(d). Maddox v. State, [Ms. CR 92-185, March 26, 1993] 1993 WL 85950 (Ala.Cr.App. 1993) (Bowen, J., dissenting). However, my belief that "[i]t is ridiculous to remand . . . [cases] so that the [petitioner] will have the opportunity to file a petition in the proper form" is limited to those cases where the record affirmativelyshows that the refiled petition "will [also] be promptly dismissed." Id. at *1. The instant case does not fall within that limitation. It cannot be concluded from the record before us that all of the allegations raised by the petitioner are subject to summary dismissal. For instance, although the petitioner admits in the petition that he had previously filed a Rule 32 petition that was denied, there is nothing in the record to indicate that the prior petition was adjudicated on the merits. See Mace v. State, 574 So.2d 886 (Ala.Cr.App. 1990);Blount v. State, 572 So.2d 498 (Ala.Cr.App. 1990). Moreover, the instant case must be remanded because the court disposing of the petition had no jurisdiction to do so. Even if the instant petition, like the petition in Maddox, was due to be summarily denied (and this opinion explicitly does not decide that particular issue), obvious policy reasons dictate that it be remanded for transfer to the court with the authority to make that determination.