Aljay Lockett was convicted of theft in the Circuit Court of Montgomery County. In 1992, he petitioned that court for a writ of habeas corpus, asserting that his 1982 arrest for theft was illegal and that the Montgomery Circuit Court had had no jurisdiction to convict him. The circuit court dismissed the habeas corpus petition, finding that the issues raised could have been raised on direct appeal and that they were, therefore, not cognizable in a habeas corpus proceeding. The Court of Criminal Appeals reversed the judgment and remanded the case, directing the trial court to return Lockett's petition to him so that he could file a proper Rule 32, A.R.Crim.P., petition. 644 So.2d 33. This Court granted the State's petition for a writ of certiorari in order to review that holding.
The claims raised in Lockett's petition for a writ of habeas corpus could have been raised on direct appeal; therefore, those claims are clearly precluded under Rule 32, A.R.Crim.P., and the trial court did not err in summarily dismissing the petition. Because Lockett's claims are clearly precluded under Rule 32, there is no need to remand for an opportunity to file a proper Rule 32 petition.
The judgment of the Court of Criminal Appeals is reversed and this cause is remanded *Page 35 
for action consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON and INGRAM, JJ., concur.