This is an appeal from the denial of a petition for writ of habeas corpus. The appellant, Paul Swicegood, was convicted in 1989 of burglary in the second degree and was "released under the conditions of bailbond" until November 1991, when his conviction was affirmed on direct appeal. 565 So.2d 1206. The appellant claims that he is "entitled to credit for time spent under the restraints of bail/bond to be credited towards the service of his sentence." C.R. 3; Appellant's brief at 3. The circuit court denied the petition for writ of habeas corpus, "it not being one of the motions recognized under the Alabama Rules of Criminal Procedure." C.R. 1.
The circuit court denied the petition for the wrong reason. Habeas corpus is a valid remedy for certain alleged wrongs, even under the Alabama Rules of Criminal Procedure. See H. Maddox, Alabama Rules of Criminal Procedure § 32.0 at 783 (1990). See also Appendix to Rule 32, A.R.Crim.P. ("[t]his form is not to be used to challenge loss of good time deductions from sentence, changes in custody classification, or jail or prison conditions").
The appellant is seeking relief from his sentence and he should have filed a petition for post-conviction relief pursuant to Rule 32. Rule 32 "displaces all post-trial remedies except post trial motions under Rule 24[, which covers motions for new trial and motions in arrest of judgment,] and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under th[at] rule." Rule 32.4, A.R.Crim.P. Technically, the circuit court should have returned the "habeas corpus" petition to the appellant in order to give the appellant the opportunity to file a proper Rule 32 petition. Rule 32.6(a).
However, where the judgment of the circuit court denying a petition for post-conviction relief is correct for any reason, it will be affirmed by this Court, even if the circuit court stated an incorrect reason for its denial. See Holladay v.State, 629 So.2d 673, 678 (Ala.Cr.App. 1992), cert. denied, ___ U.S. ___, 114 S.Ct. 1208, 127 L.Ed.2d 555 (1994). In this case, the circuit court's denial of the petition is due to be affirmed because the appellant's substantive claim is without merit. A convict is not entitled to credit on his sentence for time spent released on bail. A convict is entitled to credit on his sentence only for time during which the convict is actually incarcerated. Rule 26.9(b)(2), A.R.Crim.P. See State v. Green,436 So.2d 803 (Ala. 1983) (a grant of probation does not reduce a sentence, but rather, the original sentence, which was suspended, remains the same); Ex parte Peoples, 488 So.2d 815
(Ala. 1986) (petitioner entitled to credit for the time spent in jail while he was appealing his 20-year sentence if court is convinced of his indigency during time for which he claims credit). Even "good time credit" is based on "days actually served." Ala. Code 1975, § 14-9-41(a). If the defendant is released on bail after conviction and pending appeal, the execution of sentence is stayed pending "such judgment as may be entered on appeal." See Ala. Code 1975, § 12-22-170.
Because a remand to allow the appellant an opportunity to file a Rule 32 petition would be pointless, the judgment of the circuit court denying the petition is affirmed. *Page 161 
See Ex parte Lockett, 644 So.2d 34 (Ala. 1994).
AFFIRMED.
All Judges concur.