COOK, Justice.
Jimmy Lee Maddox was convicted in 1972 of forgery in the first degree. He filed a post-conviction petition for writ of habeas corpus and/or writ of error coram nobis 21 years after his conviction. The Court of Criminal Appeals remanded the case to the circuit court with directions to return the petition to Maddox so that he could file it in the court of original conviction, as required by Rule 32, Ala.R.Crim.P. See Maddox v. State, 662 So.2d 914 (Ala.CrimApp.1993).
Judge Bowen dissented from the majority opinion, stating:
“Rule 32.5 [Ala.R.Crim.P.] requires that post-conviction petitions ‘shall be filed in and decided by the court in which the petitioner was convicted.’ This petition was filed in the court of original conviction.
“Rule 32.4 mandates that any ‘post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under ... [R]ule [32].’ This petition, styled as one for a writ of habeas corpus and/or error coram nobis, was so treated.
“Rule 32.7(d) provides that ‘[i]f the court determines that the petition is ... precluded, ... and that no purpose would be served by any further proceedings, the court may dismiss the petition or grant leave to file an amended petition.’ This petition was summarily dismissed because, as a collateral attack on a 21-year-old conviction for which the statute of limitations had long since run, it showed on its face that it was precluded. The appellant did not request leave to amend his petition.
“Apparently this Court believes that the foregoing provisions of Rule 32 are less important than the following directive of Rule 32.6(a):
“ ‘The petition should be filed by using or following the form accompanying this rule. If that form is not used or followed, the court shall return the petition to the petitioner to be amended to comply with the form.’
“I cannot share that belief. Just as Rule 32.7(d) (allowing summary dismissal of a petition) overrides, in some cases, the Rule 32.7(a) requirement that the prosecutor file a response, see Bishop v. State, 608 So.2d 345, 347-48 (Ala.1992), agreeing with my dissent in and reversing Bishop v. State, 592 So.2d 664 (Ala.Cr.App.1991), Rule 32.7(d) also takes precedence, in some cases, over the Rule 32.6(a) requirement that the petition be filed on the proper ‘form.’ Our blind adherence to the holding of Drayton v. State, 600 So.2d 1088 (Ala.Cr.App.1992), is a literal exaltation of form over substance.
“It is ridiculous to remand this cause so that the appellant will have the opportunity to file a petition in the proper form that will be promptly dismissed. I dissent.”
662 So.2d at 915.
We granted the State’s petition for certio-rari review to address the State’s contention that the Court of Criminal Appeals erred “in holding that a petition which was due to be dismissed as a successive petition and precluded by the statute of limitations must be remanded so Appellant can file it on the proper form so that it can be dismissed and denied again.” We agree, and we adopt Judge Bowen’s dissent as the opinion of this Court. See our opinion in Lockett v. State, 644 So.2d 34 (Ala.1994), which addresses this same issue; our holding in Lockett requires that we reverse the judgment in this case.
*917 REVERSED and REMANDED. 
ALMON, SHORES, HOUSTON, STEAGALL, KENNEDY, and INGRAM, JJ., concur.