COBB, Judge.
As best we can discern, Mark A. Chandler, Sr., pleaded guilty in the Circuit Court of Madison County to murder and is presently incarcerated. Chandler filed a petition for a writ of habeas corpus in the Circuit Court of Limestone County, claiming, as best we can discern, that he is due to be released from prison because
1) The Madison County magistrate improperly issued his arrest warrant for capital murder based solely on an affi-ant’s conclusions in the complaint; thus, the complaint and arrest warrant were void.
2) Chandler should not have been charged with robbery in the first degree because the charge of capital murder encompassed the element of serious physical injury required to support the *212 robbery charge. Therefore, his arrest and subsequent conviction are void.
3) Chandler’s arrest warrant was void because it was not signed by a judge or magistrate in his or her official capacity.
4) Gary 0. Stephens, circuit clerk administrator, was not authorized by law to issue warrants for arrest. Therefore, Chandler’s arrest and subsequent conviction are void.
On November 30, 1998, the district attorney for Limestone County filed a motion to dismiss the petition, essentially claiming that there was no merit to Chandler’s claims. The circuit court denied the petition, ruling that “[t]he Petitioner fails to state a cause in which relief may be granted.” C.R. 40.
“Habeas corpus is not the correct remedy to correct errors and irregularities in a trial in a court of competent jurisdiction.” Smith v. State, 440 So.2d 1222, 1224 (Ala.Crim.App.1983). Rule 32.4, Ala. R.Crim.P., specifically provides that, other than post-trial motions under Rule 24 and appeal, “[a]ny ... post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under [Rule 32].” “[A] petition for a writ of habeas corpus contesting the validity of a conviction should [be] treated as a petition for post-conviction relief.” Hiett v. State, 642 So.2d 492, 493 (Ala.Crim.App.1993). “ ‘Rule 32 did not abolish the substantive right to post-conviction review under the statutory remedy of habeas corpus.’ It merely changed the procedure for seeking habeas corpus relief in most situations.” Hiett, 642 So.2d at 493 (citing Drayton v. State, 600 So.2d 1088, 1089 (Ala.Crim.App.1992), overruled in part by Maddox v. State, 662 So.2d 916 (Ala.1995)).
Chandler’s petition for a writ of habeas corpus should have been treated as a Rule 32 petition because his claims challenged his conviction. However, the Circuit Court of Limestone County is not the court of conviction and thus had “no authority to dispose of the petition.” Hiett, 642 So.2d at 493.
“Rule 32.5 clearly provides:
“ ‘Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed in another court, it shall be transferred to the court where the conviction occurred.’ (Emphasis added.)
“See also Rivera v. State, 615 So.2d 659 (Ala.Crim.App.1992) (‘Rule 32 petitions are properly entertained by the court in which the defendant was convicted’).”
Hiett, 642 So.2d at 493-94. We are cognizant of the fact that a petition for postcon-viction relief may be affirmed if it is “correct for any reason,” Swicegood v. State, 646 So.2d 159, 160 (Ala.Crim.App.1994), and of the fact that the Alabama Supreme Court had held that “ ‘[i]t is ridiculous to remand [an improperly labeled Rule 32 petition] so that the appellant will have the opportunity to file [the] petition in the proper form that will be promptly dismissed.’ ” Maddox v. State, 662 So.2d 915, 916 (Ala.1995)(quoting Maddox v.State, 662 So.2d 914, 915 (Ala.Crim.App.1993), Bowen, J., dissenting). However, in the instant case, Limestone County did not have jurisdiction to dispose of Chandler’s Rule 32 petition because Limestone is not the county of Chandler’s conviction. This case must “be remanded for transfer tó the court with the authority to make that determination.” Hiett, 642 So.2d at n. 3.
Therefore, the judgment of the circuit court denying the petition for a writ of habeas corpus is reversed. This cause is remanded with directions that Limestone Circuit Court transfer the matter to the Madison County Circuit Court. The Madison County Circuit Court, as the circuit court of original jurisdiction, may address Chandler’s issues as they are cognizable in a Rule 32 petition. A petition labeled as a writ of habeas corpus, but raising issues cognizable in a Rule 32 petition, may be addressed by the circuit court if it is the court of original jurisdiction. Maddox v. *213 State, 662 So.2d 915 (Ala.1995); Ex parte Lockett, 644 So.2d 34 (Ala.1994).
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.