Eddie Miller appeals the Escambia Circuit Court's summary dismissal of his petition for a writ of habeas corpus. The petition challenged his June 11, 1986, conviction in Mobile County for murder. The court affirmed Miller's conviction on October 14, 1986, without an opinion. Miller v. State, 502 So.2d 403
(Ala.Crim.App. 1986) (table). On March 16, 1989, Miller filed a Rule 20, Ala.R.Crim.P.Temp. (now Rule 32, Ala.R.Crim.P.), petition for postconviction relief, which was denied by the Mobile Circuit Court. Then, on November 25, 1991, Miller filed a petition for a writ of habeas corpus, a motion to proceed in forma pauperis, and a motion for the appointment of counsel with the Mobile Circuit Court. That court denied Miller's motions; this court affirmed.Miller v. State, 602 So.2d 1230 (Ala.Crim.App. 1992) (table). On February 25, 1998, Miller filed another petition for a writ of habeas corpus with the Mobile Circuit Court. That court, treating the petition as a petition for post conviction relief under Rule 32, Ala.R.Crim.P., dismissed the petition. This court affirmed.Miller v. State, 767 So.2d 422 (Ala.Crim.App. 1999) (table).
In Miller's present petition for writ of habeas corpus, filed with the Escambia *Page 991 
Circuit Court, Miller alleged the trial court was without jurisdiction to try him and to sentence him because, he says, the Alabama Constitution of 1901, was promulgated solely to perpetuate white supremacy within the State of Alabama; it violated the 14th Amendment of the United States Constitution; and, therefore, it was void. Miller argued that, because the state constitution was void, the Legislature was without authority to enact a criminal code and the Mobile Circuit Court was consequently without jurisdiction to convict and to sentence him. Miller also argued that his indictment was void because it failed to establish that 12 or more grand jurors voted to indict him. Upon a motion by the district attorney, the Escambia Circuit Court summarily dismissed Miller's petition. This appeal follows.
"Habeas corpus is not the correct remedy to correct errors and irregularities in a trial in a court of competent jurisdiction." Smith v. State, 440 So.2d 1222, 1224
(Ala.Crim.App. 1983). Rule 32.4, Ala.R.Crim.P., specifically provides that, other than post-trial motions under Rule 24 and appeal, "[a]ny . . . post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under [Rule 32]." "A petition for a writ of habeas corpus contesting the validity of a conviction should [be] treated as a petition for post-conviction relief." Hiett v. State, 642 So.2d 492, 493
(Ala.Crim.App. 1993).
Miller's petition for a writ of habeas corpus should have been treated as a Rule 32 petition because his claims challenged his conviction. However, the Circuit Court of Escambia County is not the court in which Miller was convicted and thus had "no authority to dispose of the petition." Hiett, 642 So.2d at 493.
"Rule 32.5 clearly provides:
 "`Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed in another court, it shall be transferred to the court where the conviction occurred.' (Emphasis added [in Hiett].)
 "See also Rivera v. State, 615 So.2d 659 (Ala.Crim.App. 1992) (`Rule 32 petitions are properly entertained by the court in which the defendant was convicted')."
Hiett, 642 So.2d at 493-94. We are cognizant of the fact that the denial of a petition for post conviction relief may be affirmed if it is "correct for any reason," Swicegood v. State, 646 So.2d 159,160 (Ala.Crim.App. 1994), and of the fact that the Alabama Supreme Court has held that "`[i]t is ridiculous to remand [a case on the basis of an improperly labeled Rule 32 petition] so that the appellant will have the opportunity to file [the] petition in the proper form that will be promptly dismissed.'" Ex parteMaddox, 662 So.2d 915, 916 (Ala. 1995) (quoting Maddox v. State,662 So.2d 914, 915 (Ala.Crim.App. 1993) (Bowen, J., dissenting)). However, in the present case, the Escambia Circuit Court did not have jurisdiction to dispose of Miller's Rule 32 petition because Miller was not convicted in Escambia County. This case must "be remanded for transfer to the court with the authority to make that determination." Hiett, 642 So.2d at 494, n. 3.
Therefore, the judgment of the Escambia Circuit Court denying the petition for a writ of habeas corpus is reversed. This cause is remanded with directions that the Escambia Circuit Court transfer the case to the Mobile Circuit Court. The Mobile Circuit Court, as the circuit court of original jurisdiction, may address Miller's issues. A petition labeled as a writ of habeas corpus, but raising issues cognizable in a Rule 32 petition, may be addressed by the circuit court if it is the court of original jurisdiction. Ex parte Maddox, 662 So.2d 915 (Ala. 1995); Exparte Lockett, 644 So.2d 34 (Ala. 1994).
REVERSED AND REMANDED.
Long, P.J., and McMillan, Baschab, and Fry, JJ., concur.
 *Page 1