COBB, Judge.
Eric Jones was convicted in the Baldwin Circuit Court for robbery in the first degree and was sentenced, to life in prison without parole. Jones filed a petition for a writ of habeas corpus in the Escambia Circuit Court, claiming: that he is innocent of the robbery charge; that the Constitution of Alabama 1901 offends the Equal Protection Clause of the 14th Amendment of the United States Constitution because, he argues, the Alabama Constitution supports white supremacy; that he was imprisoned in violation of the 5th, 8th, and 14th Amendments of the United States Constitution; and that the trial court was without jurisdiction to “arrest, charge, indict, try and convict the petitioner as the indictment was void and fails to state an offense,” because, he says, the Alabama Constitution of 1901 is unconstitutional. C.R. 5.
Without a response from the State, the circuit court denied the petition, ruling that “the petition fails to state a claim upon which relief can be granted.” C.R. 19. Jones appealed, raising various challenges to the circuit court’s ruling.
Jones’s petition for a writ of ha-beas corpus should have been treated as a Rule 32 petition because his claims challenged his conviction. Rule 32.4, Ala. R.Crim.P., specifically provides that other than posttrial motions under Rule 24 and appeal “[a]ny ... post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under [Rule 32].” “Habeas corpus is not the correct remedy to correct errors and irregularities in a trial in a court of competent jurisdiction.” Smith v. State, 440 So.2d 1222, 1224 (Ala.Crim.App.1983). “[A] petition for a writ of habeas corpus contesting the validity of a conviction should [be] treated as a petition for post-conviction relief.” Hiett v. State, 642 *509 So.2d 492, 493 (Ala.Crim.App.1993). “‘Rule 32 did not abolish the substantive right to post-conviction review under the statutory remedy of habeas corpus. It merely changed the procedure for seeking habeas corpus relief in most situations.’” Hiett, 642 So.2d at 493 (quoting Drayton v. State, 600 So.2d 1088, 1089 (Ala.Crim.App.1992)), overruled in part by Maddox v. State, 662 So.2d 915 (Ala.1995).
“Rule 32.5 clearly provides:
“ ‘Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed in another court, it shall be transferred to the court where the conviction occurred.’ (Emphasis added in Hiett.)
“See also Rivera v. State, 615 So.2d 659 (Ala.Crim.App.1992) (‘Rule 32 petitions are properly entertained by the court in which the defendant was convicted’).”
Hiett, 642 So.2d at 493-94. The Escambia Circuit Court is not the court of conviction and thus that court had “no authority to dispose of the petition.” Hiett, 642 So.2d at 493.
We are cognizant of the fact that a trial court’s ruling on a petition for postconviction relief may be affirmed if it is “correct for any reason,” Swicegood v. State, 646 So.2d 159, 160 (Ala.Crim.App.1994), and of the fact that the Alabama Supreme Court has held that “ ‘[i]t is ridiculous to remand [an improperly labeled Rule 32 petition] so that the appellant will have the opportunity to file [the] petition in the proper form that will be promptly dismissed.’ ” Maddox v. State, 662 So.2d 915, 916 (Ala.1995)(quoting Maddox v.State, 662 So.2d 914, 915 (Ala.Crim.App.1993), (Bowen, J., dissenting)). However, in the instant case, the Escambia Circuit Court did not have jurisdiction to dispose of Jones’s Rule 32 petition because Escambia County is not the county of Jones’s conviction. This case must “be remanded for transfer to the court with the authority to make that determination.” Hiett, 642 So.2d at 494 n. 3.
Therefore, the judgment of the circuit court denying the petition for the writ of habeas corpus is reversed. This cause is remanded with directions that the Es-cambia Circuit Court transfer the petition to the Baldwin County Circuit Court. The Baldwin Circuit Court, as the circuit court of original jurisdiction, may address Jones’s issues as they are cognizable in a Rule 32 petition. A petition labeled as one for a writ of habeas corpus, but raising issues cognizable in a Rule 32 petition, may be addressed by the circuit court of original jurisdiction. Maddox v. State, 662 So.2d 915 (Ala.1995); Ex parte Lockett, 644 So.2d 34 (Ala.1994).
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.