COBB, Judge.
Wilburn Sloan appeals the Limestone Circuit Court’s dismissal of his petition for a writ of habeas corpus. The petition challenged his February 23, 1998, guilty plea conviction in Morgan County for first-degree robbery. This court affirmed Sloan’s conviction, without an opinion, on direct appeal. Sloan v. State, 741 So.2d 488 (Ala.Crim.App.1998)(table). On August 31, 1999, Sloan filed a petition for a writ of habeas corpus in Limestone Circuit Court. In Sloan’s petition, he alleged that he had been deprived of his liberty without *806 due process of law because his arrest warrant was void. According to Sloan, the arrest warrant was void because the affidavit in support of the warrant failed to aver that the arresting officer had probable cause to believe Sloan had committed an offense.
The Limestone Circuit Court appointed counsel to represent Sloan in the proceedings related to his Rule 32 petition. After a bench conference, the Limestone Circuit Court dismissed Sloan’s petition, holding that the arrest warrant satisfied the requirements of § 15-7-3, Ala.Code 1975, and Rule 3.2, Ala.R.Crim.P. This appeal follows.
“Habeas corpus is not the correct remedy to correct errors and irregularities in a trial in a court of competent jurisdiction.” Smith v. State, 440 So.2d 1222, 1224 (Ala.Crim.App.1983). Rule 32.4, Ala. R.Crim.P., specifically provides that other than post-trial motions under Rule 24 and appeal “[a]ny ... post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under [Rule 32].” “[A] petition for a writ of habeas corpus contesting the validity of a conviction should [be] treated as a petition for post-conviction relief.” Hiett v. State, 642 So.2d 492, 493 (Ala.Crim.App.1993).
Sloan’s petition for a writ of ha-beas corpus should have been treated as a Rule 32 petition because his claims challenged his conviction. However, the Limestone Circuit Court is not the court in which Sloan was convicted, and thus that court had “no authority to dispose of the petition.” Hiett, 642 So.2d at 493.
“Rule 32.5 clearly provides:
“ ‘Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed in another court, it shall be transferred to the court where the conviction occurred.’ (Emphasis added [in Hiett ].)
“See also Rivera v. State, 615 So.2d 659 (Ala.Crim.App.1992) (‘Rule 32 petitions are properly entertained by the court in which the defendant was convicted’).”
Hiett, 642 So.2d at 493-94. We are cognizant of the fact that the denial of a petition for postconviction relief may be affirmed if it is “correct for any reason,” Swicegood v. State, 646 So.2d 159, 160 (Ala.Crim.App.1994), and of the fact that the Alabama Supreme Court has held that “ ‘[i]t is ridiculous to remand [a case on the basis of an improperly labeled Rule 32 petition] so that the appellant will have the opportunity to file [the] petition in the proper form that will be promptly dismissed.’ ” Maddox v. State, 662 So.2d 915, 916 (Ala.1995)(quoting Maddox v.State, 662 So.2d 914, 915 (Ala.Crim.App.1993) (Bowen, J., dissenting)). However, in the present case, the Limestone Circuit Court did not have jurisdiction to dispose of Sloan’s Rule 32 petition because Sloan was not convicted in Limestone County. This case must “be remanded for transfer to the court with the authority to make that determination.” Hiett, 642 So.2d at 494 n. 3.
Therefore, the judgment of the Limestone Circuit Court denying the petition for the writ of habeas corpus is reversed. This cause is remanded with directions for the Limestone Circuit Court to transfer the case to the Morgan Circuit Court. The Morgan Circuit Court, as the circuit court of original jurisdiction, may address Sloan’s issue. A petition labeled as a writ of habeas corpus, but raising issues cognizable in a Rule 32 petition, may be addressed by the circuit court of original jurisdiction. Maddox v. State, 662 So.2d 915 (Ala.1995); Lockett v. State, 644 So.2d 34 (Ala.1994).
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.