WELCH, Judge,
dissenting.
I respectfully dissent from the majority’s unpublished memorandum opinion affirming the circuit court’s summary dismissal of Michael Paul Freeman’s Rule 32, Ala. R.Crim. P., petition.
The record discloses the following. On September 12, 2008, Freeman filed what he styled as an “Amendment to Writ of Habeas Corpus.” (C. 18.) On September 15, 2008, the circuit court received what Freeman styled as his “Writ of Habeas Corpus.” (C. 12.) On September 15, 2008, the circuit court entered an order on the case-action summary stating, “Amendment Writ of Habeas Corpus Denied.” (C. 4.) On November 4, 2008, Freeman filed a petition styled as “Petition for Writ of Habeas Corpus.” (C. 24.) The State did not respond. Also on November 4, 2008, the circuit court entered the following order on the petition and the case-action summary: “Petition for writ of habeas corpus denied. [Defendant] before court on [probation revocation] docket last Thursfday], Probation revoked and sentence executed. [Defendant] advised of right of appeal.” (C. 3.)
Freeman appealed. The majority of this Court correctly recognized that the petition should have been treated as a Rule 32, Ala. R.Crim. P., petition because Freeman’s claims challenged his conviction or sentence. See Ex parte Deramus, 882 So.2d 875 (Ala.2002)(pro se pleading must be construed according to its substance, not its style); Miller v. State, 766 So.2d 990, 991 (Ala.Crim.App.2000)(“ ‘A petition for a writ of habeas corpus contesting the validity of a conviction should [be] treated as a petition for post-conviction relief.’ ”).
The majority specifically acknowledged that the appeal was being treated as an appeal from the denial of a Rule 32 petition. The majority noted that the State did not file a response to the petition in the circuit court and that the circuit court had “summarily denied” the petition. The majority did not comment on the fact that the circuit court denied the petition without entry of any procedural grounds found in Rule 32.
*841 Five claims raised by Freeman on appeal were listed in the memorandum opinion. The majority correctly ruled that two of the claims, claims three and four, were claims not presented in Freeman’s petition and thus, these claims were not properly before this Court. See Arrington v. State, 716 So.2d 2B7, 239 (Ala.Crim.App. 1997)(“[A]n appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.”). The majority found that claims one, two, and five, were nonjurisdic-tional claims. The Court then noted that,
“[i]n Ex parte Clemons, [Ms. 1041915, May 4, 2007], — So.3d-(Ala.2007) the Alabama Supreme Court held that this Court cannot, except in extraordinary circumstances, sua sponte apply the Rule 32.2 procedural bars on appeal. However, the due process principles discussed in Clemons do not apply in this case because the circuit court dismissed the petition without requiring a response from the State. See A.G. v. State, 989 So.2d 1167 (Ala.Crim.App.2007).”
The majority then held that the circuit court’s summary dismissal was proper because the petition was barred from review by the procedural preclusion found in Rules 32.2(e)(limitations period), and 32.2(a)(5)(claims could have been raised on appeal).
I must dissent. Aside from my opinion that this Court continues to cite AG. v. State as precedent for a proposition of law not expressed in AG., I believe that this case should be remanded to the circuit court for that court to address Freeman’s petition and amendment as a Rule 32, Ala. R.Crim. P., petition. The remand instructions should allow the circuit court the discretion to require Freeman to refile his Rule 32, Ala. R.Crim. P., petition using or following the form provided in the appendix to Rule 32, Ala. R.Crim. P. See Rule 32.6(a), Ala. R.Crim. P., and Maddox v. State, 662 So.2d 915, 916 (Ala.1995) (Summary dismissal, Rule 32.7(d), may take precedence over requirement that petition be filed on proper form, Rule 32.6(a).). The remand instructions should also allow the circuit court the discretion to require the State to respond to the petition.
Based on the above, I respectfully dissent.