Jerry A. Cayson was convicted in the Montgomery Circuit Court of trafficking in cocaine and was sentenced as a habitual felony offender to life in prison without parole. Cayson filed a petition for a writ of habeas corpus in the Escambia Circuit Court, claiming: 1) that the trial court did not have jurisdiction over him because the statute under which he was sentenced was enacted pursuant to the Alabama Constitution of 1901, which according to Cayson, is unconstitutional because, he says, it was enacted to disenfranchise African Americans; 2) that the indictment charging him with the offense was void because it failed to show that 12 grand jurors had voted to indict him; 3) that his Fifth Amendment right to be indicted by a properly empaneled grand jury was violated because the grand jury was not sworn before the prospective jurors were qualified; and 4) that his Fifth Amendment rights were violated because an arrest warrant was not issued until after he was detained.
After the State responded, the circuit court summarily denied the petition and ordered Cayson to pay court costs. Cayson appealed.
We first note that Cayson's petition for a writ of habeas corpus should have been treated as a Rule 32, Ala.R.Crim.P., petition because the claims made in the petition challenged his conviction. Rule 32.4, Ala.R.Crim.P., specifically provides that other than posttrial motions under Rule 24 and an appeal "[a]ny . . . post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under [Rule 32]." "Habeas corpus is not the correct remedy to correct errors and irregularities in a trial in a court of competent jurisdiction."Smith v. State, 440 So.2d 1222, 1224 (Ala.Crim.App. 1983). "[A] petition for a writ of habeas corpus contesting the validity of a conviction should [be] treated as a petition for post-conviction relief." Hiett v. State, 642 So.2d 492, 493 (Ala.Crim.App. 1993). "`Rule 32 did not abolish the substantive right to post-conviction review under the statutory remedy of habeas corpus. It merely changed the procedure for seeking habeas corpus relief in most situations.'" Hiett, 642 So.2d at 493 (quotingDrayton v. State, 600 So.2d 1088, 1089 (Ala.Crim.App. 1992)), overruled in part by Ex parte Maddox, 662 So.2d 915 (Ala. 1995).
"Rule 32.5 clearly provides:
 "`Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed in another court, it shall be transferred to the court where the conviction occurred.' (Emphasis added [in Hiett].)
 "See also Rivera v. State, 615 So.2d 659 (Ala.Crim.App. 1992) (`Rule 32 petitions are properly entertained by the court in which the defendant was convicted')."
Hiett, 642 So.2d at 493-94. The Escambia Circuit Court is not the court of conviction; thus, that court had "no authority to dispose of the petition." Hiett, 642 So.2d at 493.
We are aware that a trial court's ruling on a petition for postconviction relief may be affirmed if it is "correct for any reason," Swicegood v. State, 646 So.2d 159, 160 (Ala.Crim.App. 1994), and that the Alabama Supreme Court has held that "'[i]t is ridiculous to remand [an improperly labeled Rule 32 petition] so that the appellant will have the opportunity to file [the] petition in the proper form that will be promptly dismissed.'" Exparte Maddox, 662 So.2d at 916 (quoting Maddox v. State, 662 So.2d 914,915 (Ala.Crim.App. 1993) (Bowen, J., dissenting)). However, in the instant case, the Escambia Circuit Court did not have jurisdiction to dispose of Cayson's Rule 32 petition because Escambia County is not the county of Cayson's conviction. This case must "be remanded for transfer to the court with the authority to make that determination." Hiett, 642 So.2d at 494 n. 3. *Page 263 
Therefore, the judgment of the circuit court denying the petition for the writ of habeas corpus is reversed. This cause is remanded with directions that the Escambia Circuit Court transfer the petition to the Montgomery Circuit Court. The Montgomery Circuit Court, as the circuit court of original jurisdiction, may address Cayson's issues, which are cognizable in a Rule 32 petition. A petition labeled as one for a writ of habeas corpus but raising issues cognizable in a Rule 32 petition may be addressed by the circuit court of original jurisdiction. Ex parteMaddox, supra; Ex parte Lockett, 644 So.2d 34 (Ala. 1994).
REVERSED AND REMANDED.
Long, P.J., and McMillan, Baschab, and Fry, JJ., concur. *Page 791