COBB, Judge.
Larry Doyle Hanna appeals from the circuit court’s summary dismissal of his petition for a writ of habeas corpus.
On September 10, 2001, Hanna filed a petition for a writ of habeas corpus in Jefferson County Circuit Court, the county where he was incarcerated,[1] challenging the legality of the sentence imposed upon him by the Tuscaloosa Circuit Court following his conviction for possession of marijuana. After the State responded, the circuit court summarily denied the petition.
As best we can discern, Hanna claimed the following in his petition. On November 14, 1990, he pleaded guilty in the Tuscaloosa Circuit Court to possession of marijuana and was sentenced to 10 years in prison. He applied for probation at sentencing, but the trial court did not rule on his request. On February 8,1994, after Hanna served approximately four years of his sentence, the trial court, according to Hanna, unlawfully issued an order “splitting” Hanna’s 10-year sentence pursuant to § 15-18-8, Ala.Code 1975. Pursuant to the newly imposed split sentence, Hanna was to serve two more years in prison followed by three years’ probation. On January 29, 1996, after completing the two-year portion of his “split” sentence, Hanna was released from prison on probation. On June 21, 2000, the trial court found Hanna in violation of his probation and Hanna’s probation was revoked. Hanna was ordered to serve the remainder of his 10-year sentence. On August 11, 2000, Hanna was returned to prison.
Hanna claimed that the trial court did not have jurisdiction four years after it sentenced Hanna to “split” his sentence. He argues that his sentence is illegal, and that, as a result, he is being held in custody after the expiration of his original sentence. See, Rules 32.1(b), (c) and (d), Ala. R.Crim.P.
Hanna’s petition for a writ of habeas corpus should have been treated as a Rule 32, Ala.R.Crim.P., petition because the claims made in the petition challenged the legality of his sentence.
“Rule 32.4, Ala.R.Crim.P., specifically provides that other than posttrial motions under Rule 24 and an appeal ‘any ... post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under [Rule 32].’ ‘Habeas corpus is not the correct remedy to correct errors and irregularities in a trial in a court of competent jurisdiction.’ Smith v. State, 440 So.2d 1222, 1224 (Ala.Crim.App.1983).”
Cayson v. State, 778 So.2d 261, 262 (Ala.Crim.App.2000).
“ ‘Rule 32.5 clearly provides:
“ ‘ “Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed in another court, it shall be transferred to the court where the conviction occurred.”
[[Image here]]
*312 “ ‘See also Rivera v. State, 615 So.2d 659 (Ala.Crim.App.1992) (“Rule 32 petitions are properly entertained by the court in which the defendant was convicted”).’ ”
Cayson v. State, 778 So.2d at 262 (quoting Hiett v. State, 642 So.2d 492, 493-94 (Ala.Crim.App.1993)).
The Jefferson Circuit Court is not the court of conviction; thus, that court had “ ‘no authority to dispose of the petition.’ ” Cayson v. State, 778 So.2d at 262 (quoting Hiett, 642 So.2d at 493). The Jefferson Circuit Court did not have jurisdiction to dispose of Hanna’s Rule 32 petition because Jefferson County is not the county of Hanna’s conviction. Therefore, the judgment of the circuit court denying the petition for the writ of habeas corpus is reversed. This cause is remanded with directions for the Jefferson Circuit Court to transfer the petition to the Tuscaloosa Circuit Court. The Tuscaloosa Circuit Court, as the circuit court of original jurisdiction, may address Hanna’s issues, which are cognizable in a Rule 32 petition.
REVERSED AND REMANDED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.

. Hanna was an inmate at the Donaldson Correctional Facility in Bessemer, Alabama.