McMILLAN, Judge.
The appellant, Mary Lou Cooper, filed a petition for a writ of habeas corpus, in which she challenged her 1981 conviction for robbery in the first degree and her sentence of 15 years’ imprisonment. Cooper stated that, after she pleaded guilty to the charged offense, she was taken to the Dallas County jail. She then was sent to the State of Missouri because of an outstanding charge in that state of the illegal use of a credit card; the Missouri charge was dismissed. She was not picked up by the State of Alabama following the dismissal of the charge in Missouri. Cooper then moved to the State of Tennessee, where she has lived for nearly 20 years. On November 11, 1999, Cooper was arrested at her home in Memphis and was extradited to Alabama on the 1981 conviction. The trial court summarily denied Cooper’s habeas corpus petition, without entering a written order or requiring a response from the State.
The appellant raises the following claims in her appeal to this court: (1) Her conviction was obtained by an unlawfully induced plea agreement, because, she says, she was threatened by her boyfriend, who, she says, was the actual perpetrator, and because her appointed counsel told her to plead guilty or her boyfriend would be imprisoned for life; (2) her conviction was obtained by the use of a coerced confession because she believed that, if she was set free, her boyfriend would have her killed; (3) she was denied the effective assistance of counsel; (4) the facts establish that she is innocent or that she should not have received the sentence she did because, she says, she was influenced by her boyfriend, she was not armed, and she has lived a good and useful life for nearly 20 years; and (5) the three-year limitations period set out in § 15-3-1, Ala.Code 1975, for the prosecution of a felony has expired. The appellant also alleges that she was not given an arrest warrant or appointed an attorney with regard to her extradition in 1999.
The State has asked this court to remand the appellant’s case to the circuit court, in order for the petition to be addressed as a claim under Rule 32, Ala. R.Crim.P. Rule 32.4, Ala.R.Crim.P., states that a postconviction petition that seeks relief from a conviction or sentence shall *1234 be treated as a proceeding under Rule 82. The circuit court has the authority to treat a habeas corpus petition as a Rule 32 petition, if it is the court in which the original conviction was obtained. Hiett v. State, 642 So.2d 492 (Ala.Cr.App.1993).
For the foregoing reasons, we remand this cause to the circuit court. On remand, the circuit court should give the appellant the opportunity to file her claims in the form in the appendix to Rule 32, Ala.R.Crim.P. The court also should obtain a response from the State, as provided in Rule 32.7(a), Ala.R.Crim.P., and should enter an order that is sufficiently specific to allow this court to review the appellant’s claims on appeal. A return should be filed with this court within 90 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS. 
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.