WISE, Judge.
The appellant, Bobby Langford, filed a petition for a writ of habeas corpus, challenging his 1998 convictions for possession of a firearm after having been convicted of a felony and two counts of third-degree robbery. All three convictions were entered upon guilty pleas. Langford was sentenced as a habitual offender to 40 years’ imprisonment for each of the robbery convictions and to 15 years’ imprisonment for the firearm conviction. All of the sentences were to be served concurrently.
Langford filed this petition on December 20, 2000, and he filed an amendment to the petition on January 4, 2001. Lang-ford’s petition alleged (1) that the circuit court had no jurisdiction to accept his guilty pleas; (2) that the original indictments could not have been the basis of the charges to which he pleaded guilty; (3) that he could not be convicted of third-degree robbery when all of the proof pointed toward a weapon being involved in the offenses, which would make the offenses first-degree robberies; and (4) “that the consent of a defendant to amend an indictment can in no way be deemed to destroy any of the precious guarantees of liberty with which our forefathers, in their wisdom, saw fit to clothe every individual.” Langford also sought the return of various items of personal property seized by law enforcement officials when he was arrested. On February 14, 2001, the circuit court entered an order dismissing Lang-ford’s petition:
“On December 20, 2000, the Plaintiff filed a Writ of Habeas Corpus stating that the plea agreement pertaining to this case was improper. This claim is proper for a Rule 32 [Ala.R.Crim.P.] petition and not a Writ of Habeas Corpus. Wherefore the Court dismisses this case. It is further ORDERED that the Commissioner of the Alabama Department of Corrections shall withhold fifty percent of any monies currently possessed or received in the future and shall forward them to the Clerk of Montgomery County Circuit Court on a quarterly basis until court costs in the amount of $149.00 are satisfied.”
This appeal followed.
Langford contends that the circuit court erred in dismissing his petition. On appeal, he claims: (1) that a petition for a writ of habeas corpus is the correct method by which to seek relief for a void sentence; (2) that the circuit court failed to complete its transmittal of record on appeal in a timely manner; and (3) that Langford should not have been charged the $149 filing fee for his petition.
 Contrary to Langford’s claim, his claims were properly cognizable in a Rule 32, Ala.R.Crim.P., petition for postconviction relief. See Chandler v. State, 766 So.2d 211, 212 (Ala.Crim.App.2000) (petition for habeas corpus is not the correct method to review the validity of a defendant’s conviction). Rule 32.4, Ala.R.Crim. P., states that a postconviction petition that seeks relief from a conviction or sentence shall be treated as a proceeding under Rule 32. A petition labeled as one for a writ of habeas corpus, but raising issues cognizable in a Rule 32 petition, may be addressed by the circuit court it is filed in if that court is the court in which the original conviction was obtained. See Maddox v. State, 662 So.2d 915 (Ala.1995); Ex parte Lockett, 644 So.2d 34 (Ala.1994); Cooper v. State, 794 So.2d 1232 (Ala.Crim.App.2000); Hiett v. State, 642 So.2d 492 (Ala.Crim.App.1993). Langford’s 1998 convictions were obtained in Montgomery Circuit Court. Thus, that court had jurisdiction to address Langford’s claims for postconviction relief.
*1284 The State has asked this Court to remand Langford’s case to the circuit court, in order for the petition to be addressed as a claim under Rule 32, Ala.R.Crim.P. This request is due to be granted. Because the circuit court should have addressed Lang-ford’s claims, we remand this cause to the circuit court. On remand, the circuit court should give Langford the opportunity to file his claims in the Rule 32-petition form in the appendix to Rule 32, Ala.R.Crim.P. If necessary, the court should also obtain a response from the State, as provided in Rule 32.7(a), Ala.R.Crim.P. Finally, the court should enter an order that is sufficiently specific to allow this court to review the appellant’s claims on appeal. See Rules 32.7(d) and 32.9, Ala.R.Crim.P. As we have stated, “[a] statement of the basis of the [circuit] court’s decision is essential to afford the appellant due process.” Owens v. State, 666 So.2d 31, 32 (Ala.Crim. App.1994). We pretermit discussion of Langford’s remaining claims.
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS. *
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.

 Note from the reporter of decisions: On December 14, 2001, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.